WESTFIELD COMPANIES v GRAND VALLEY HEALTH PLAN

Docket No. 178642. Submitted September 17, 1996, at Grand Rapids.
Decided July 8, 1997, at 9:00 A.M.

Westfield Companies, individually and as assignee and subrogee of
John W. and Kathleen B. Lowe brought an action in the Kent Cir-
cuit Court against Grand Valley Health Plan (GVHP) and Travelers
Insurance Company, seeking reimbursement for benefits paid on
the Lowes' behalf after the Lowe's minor son was severely injured
in an automobile accident. Westfield, the Lowes' no-fault insurer,
provided coverage under a policy that was coordinated in accor-
dance with MCL 500.3109a; MSA 24.13109(1), so that its coverage
was secondary to benefits provided by any health insurance policy
that covered the Lowes. GVHP, a health maintenance organization
(HMO), provided coverage for the initial hospitalization pursuant to
a contract issued to the Lowes, but denied coverage for subsequent
care. Travelers, a provider of health care to the Lowes, paid some
claims on the Lowes' behalf, but denied other claims on the basis
they were not covered under the policy. The trial court, Michael R.
Smolenski, J., granted summary disposition for GVHP, finding it not
contractually liable for any of the claimed expenses. Westfield
appealed.

The Court of Appeals *held*:

1. An HMO is a health coverage insurer for purposes of the coordi-
nation provisions of § 3109a.

2. Under the circumstances, the choice of the treating physician
and treatment facilities was necessary and appropriate and there-
fore covered under the GVHP policy.

3. Summary disposition was granted improperly because issues
of material fact exist regarding whether GVHP was estopped by its
course of conduct from denying coverage and whether the Lowes
relied upon GVHP's course of conduct to their detriment.

Reversed and remanded.

1. INSURANCE — NO-FAULT — HEALTH CARE — COORDINATION OF BENEFITS.

A no-fault insurer must offer its insureds the option, at a correspond-
ingly lowered premium rate, to coordinate their personal protection
benefits with their other health and accident coverage; when the
insured chooses this option, the insured's health coverage becomes

the primary insurance for any physical injuries sustained in a motor vehicle accident to the extent the health insurer has agreed to pay for or provide the necessary medical care (MCL 500.3109a; MSA 24.13109[1]).

2. INSURANCE — NO-FAULT — COORDINATION OF BENEFITS — HEALTH MAINTE-NANCE ORGANIZATIONS.

Coverage under a health maintenance organization plan is considered health and accident coverage under the provision of the no-fault act that allows the coordination of health and accident coverage; when an HMO member chooses to have coordination of benefits under a no-fault policy, the HMO is considered the primary medical insurer (MCL 500.3109a; MSA 24.13109[1]).

3. ESTOPPEL — EQUITABLE ESTOPPEL.

Equitable estoppel arises when a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, the other party justifiably relies and acts on that belief, and the other party will be prejudiced if the first party is allowed to deny the existence of those facts; although the doctrine is not a cause of action in itself, it is a defense or can be used defensively.

*Linsey, Strain & Worsfold, P.C.* (by *Joseph P. VanderVeen*), for Westfield Companies.

*Dunn, Schouten & Snoap* (by *Dana L. Snoap* and *Michael M. Malinowski*), for Grand Valley Health Plan.

Before: GRIBBS, P.J., and MARKEY and T. G. KAVANAGH*, JJ.

PER CURIAM. Westfield Companies (hereafter plaintiff) appeals as of right the trial court's orders granting summary disposition in favor of defendant Grand Valley Health Plan (GVHP). We reverse and remand.

On August 13, 1989, John B. Lowe, a minor, was severely injured in an automobile accident. Plaintiff,

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

as the no-fault insurer of Lowe's parents, provided coverage for his injuries. However, plaintiff's policy was coordinated, in accordance with MCL 500.3109(1); MSA 24.13109(1), so its coverage was secondary to benefits provided by any health insurance policy that covered Lowe. Defendant GVHP, a health maintenance organization (HMO), provided coverage for Lowe's initial hospitalization pursuant to a contract issued to his parents, but denied coverage for subsequent care. Similarly, defendant Travelers Insurance Company, a provider of health insurance to Lowe via a policy issued to his parents, paid claims on Lowe's behalf, but denied other claims as being outside the policy's coverage. As a result, plaintiff filed suit against defendants for reimbursement of the benefits it paid on Lowe's behalf. In response to a series of motions for summary disposition under MCR 2.116(C)(10), the trial court determined that GVHP was not contractually liable for any of the claimed expenses.

Plaintiff argues first that the trial court erred in granting summary disposition in GVHP's favor because the trial court failed to consider whether GVHP's denial of the claims was reasonable. We agree. Even though this issue is unpreserved because plaintiff failed to raise it below, we will still review it because the issue is a question of law and the facts necessary for the resolution of the question have been presented. *Adam v Sylvan Glynn Golf Course*, 197 Mich App 95, 98-99; 494 NW2d 791 (1992). Because GVHP moved for summary disposition under MCR 2.116(C)(10), we review the record de novo to determine whether the prevailing party was entitled to the judgment as a matter of

law. *West Bloomfield Charter Twp v Karchon*, 209 Mich App 43, 48; 530 NW2d 99 (1995).

Under the no-fault act, an insurer has the duty to offer its insureds the option, at a correspondingly lowered premium rate, to coordinate their personal protection benefits with their other health and accident coverage. MCL 500.3109a; MSA 24.13109(1). When the insured chooses this coordination option, the insured's health coverage becomes the primary insurance for any physical injuries sustained in a motor vehicle accident "to the extent the health insurer has agreed to pay for or provide [the] necessary medical care." *Tousignant v Allstate Ins Co*, 444 Mich 301, 308; 506 NW2d 844 (1993). The parties do not dispute at this time that GVHP's contract provided for the type of care at issue, and GVHP concedes that it "stands in front of" plaintiff in order of priority under the statute, making it primarily liable under the no-fault act. However, GVHP argues strenuously that, as an HMO, it is not an insurance company. We disagree and find that, for purposes of the statute, GVHP is an insurer.

As a panel of this Court explained in *West Michigan Health Care Network v Transamerica Ins Corp of America*, 167 Mich App 218, 226; 421 NW2d 638 (1988), an HMO under these circumstances may be considered a health coverage insurer, contrary to GVHP's assertion that it is only a health care provider:

> [A]n HMO shifts the risk of health care expenses away from its members. The transfer of risk away from the insured is the distinguishing characteristic of an insurance plan. A self-funded plan itself bears the risk of paying all covered expenses. An insurance company, on the other hand, charges a fixed premium to its policyholders and

> assumes the risk of payment of future covered expenses. An HMO is very similar to an insurance company because it receives a fixed premium and thereafter it and its participating physicians assume the risk.

See also *Calhoun v Auto Club Ins Ass'n*, 177 Mich App 85, 90; 441 NW2d 54 (1989), where we also recognized that (a) coverage under an HMO is considered health and accident coverage under MCL 500.3109a; MSA 24.13109(1), and (b) the HMO is considered the primary medical insurer when the HMO member chooses to have coordination of benefits under the member's no-fault policy.

As the trial court in this case noted in its written opinion, the issues here were not developed or analyzed in depth below, nor have they been developed in detail on appeal. However, there is no allegation here that Lowe, the insured, simply opted to use physicians of his choice who were not participants in his HMO. Cf. *Tousignant, supra* at 307. It appears from the parties' briefs that the required services were not even available directly from the GVHP. There is no claim that the GVHP policy failed to cover the services at issue or that they were not considered necessary by GVHP. Indeed, plaintiff alleges that much of Lowe's care was provided by "the only facility in the State of Michigan licensed to accept brain injured children on a residential basis." Nonetheless, GVHP refuses to contribute in this case solely because the expenses at issue were not "provided, arranged or authorized" by a GVHP physician.

GVHP's certificate of coverage does specify that only treatment provided, arranged, or authorized by an affiliated physician is covered. There is no dispute at this time that Dr. Andrea Kuldanek, as Lowe's primary

physician, ordered and arranged the treatment for Lowe and that she is not employed by GVHP. Because she is not an "Affiliated Physician," GVHP contends that Dr. Kuldanek could not authorize treatment for Lowe. GVHP asserts that, under its certificate, it is not required to pay for any services that it did not agree to pay in advance.

In this particular case, allowing GVHP to deny coverage under the contract would certainly be a case of putting form over substance. GVHP originally approved and paid for Dr. Kuldanek's care and treatment of Lowe and all the necessary tests and ancillary medical needs associated with the care she provided. It appears that all the treatment and expenses now at issue also stem from Dr. Kuldanek's care and treatment but after the original emergent situation.

Although an insured is required to obtain payment and services from their HMO to the extent available, *Tousignant, supra,* there is no claim that the services at issue were available directly from GVHP in this case. Indeed, the contrary appears to be true. Moreover, GVHP conceded at oral argument that Lowe's treatment in this case, including the choice of treating physician and treatment facilities, was both necessary and appropriate.

Plaintiff also suggests that GVHP was estopped by its course of conduct from denying coverage for other expenses and that questions of fact concerning whether the insured relied upon these payments to his detriment made a grant of summary disposition under MCR 2.116(C)(10) improper. We agree. Equitable estoppel arises when

a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts,

> the other party justifiably relies and acts on that belief, and the other party will be prejudiced if the first party is allowed to deny the existence of those facts. [*Soltis v First of America Bank-Muskegon*, 203 Mich App 435, 444; 513 NW2d 148 (1994).]

Although the doctrine is not a cause of action in itself, it is a defense or it can be used defensively. *Hoye v Westfield Ins Co*, 194 Mich App 696, 705; 487 NW2d 838 (1992). Plaintiff may use the doctrine without pleading it as a cause of action because the doctrine can be used to counter a defense that GVHP raises in response to plaintiff's claims. *Harrison Twp v Calisi*, 121 Mich App 777, 787; 329 NW2d 488 (1982). Here, GVHP approved initial treatment by Dr. Kuldanek, the treating physician, and allegedly treated some of the services authorized by her as "approved" services. These actions may have induced the Lowes to believe that Dr. Kuldanek's care and some of the treatment she arranged was approved. Thus, to the extent that the provided services were "required to be provided" by GVHP, *Tousignant, supra* at 311-312, GVHP may be liable for coverage. Under the facts and circumstances of this case, we find summary disposition was improperly granted because genuine issues of material fact exist.

Reversed and remanded. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, a question of public policy being involved.

T. G. KAVANAGH, J., did not participate.