AUTO-OWNERS INSURANCE COMPANY v DEPARTMENT OF
TREASURY

Docket No. 197337. Submitted September 10, 1997, at Lansing. Decided
December 5, 1997, at 9:00 A.M.

Auto-Owners Insurance Company, a property and casualty insurance
company that is required to participate in the Michigan Automobile
Insurance Placement Facility, brought an action in the Court of
Claims against the Department of Treasury after the defendant dis-
allowed single business tax credits with regard to interest pay-
ments that the plaintiff paid to the facility when the plaintiff chose
to pay its annual assessment from the facility in installments. The
Court of Claims, Lawrence M. Glazer, J., granted summary disposi-
tion in favor of the defendant. The plaintiff appealed.

The Court of Appeals *held*:

1. Subsections 3 through 6 of MCL 208.22c; MSA 7.558(22c) use
the term "assessments" because these subsections define and limit
the tax credit granted in subsection 1 of § 22c. If the Legislature
intended for the amount credited to an insurance company to
include both the assessed amount and any amount of interest
accrued on the assessment, the Legislature would not have used
only the word "assessment" in defining and limiting the credit.

2. The Legislature did not intend for subsection (1)(c) of § 22 to
confer a single business tax credit for any interest payments that a
participating insurance company decides to pay to the facility.

Affirmed.

TAXATION — SINGLE BUSINESS TAX ACT — INSURANCE — AUTOMOBILE INSURANCE
PLACEMENT FACILITY — ANNUAL ASSESSMENT — INTEREST.

The Legislature, in enacting subsection 1(c) of § 22c of the Single
Business Tax Act, which allows an insurer a single business tax
credit for the amount that the insurer pays to the Michigan Auto-
mobile Insurance Placement Facility for its annual assessment by
the facility, did not confer a single business tax credit for any inter-
est payments that an insurer pays the facility as a result of the
insurer's choice of an option provided by the facility to pay the
annual assessment in installments with interest (MCL 208.22c[1][c];
MSA 7.558[22c][1][c]).

*Honigman Miller Schwartz and Cohn* (by *Patrick R. Van Tiflin*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Kevin T. Smith*, Assistant Attorney General, for the defendant.

Before: SAWYER, P.J., and HOOD and HOEKSTRA, JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendant summary disposition pursuant to MCR 2.116(I)(2). The Court of Claims upheld defendant's single business tax assessments against plaintiff for deficiencies during the tax years 1990-91. We affirm.

Plaintiff is a Michigan property and casualty insurance company that is required to participate in the Michigan Automobile Insurance Placement Facility because it is authorized to write automobile insurance in Michigan. MCL 500.3301; MSA 24.13301. The facility, a program statutorily mandated to guarantee automobile insurance coverage to drivers who may be unable to procure insurance through ordinary methods, annually assesses participating insurance companies for its operation and administration costs. MCL 500.3301(1)(a); MSA 24.13301(1)(a), MCL 500.3330 (1)(c); MSA 24.13330(1)(c), *Auto-Owners Ins Co v Michigan Mut Ins Co*, 223 Mich App 205, 208, n 1; 565 NW2d 907 (1997). The facility originally required participating insurance companies to pay the annual assessment in one lump sum; however, in 1985, the facility amended its plan of operation to allow participating insurance companies the option of paying an assessment over time with interest. Plaintiff chose the second of the two available options and paid its assessments in installments. For the tax years 1990-

91, plaintiff claimed a credit against its single business tax liability for its payments to the facility and for the interest on these payments in accordance with plaintiff's interpretation of a provision of the Single Business Tax Act (SBTA), MCL 208.1 *et seq.*; MSA 7.558(1) *et seq.* Defendant, which is charged with administering and enforcing the SBTA, MCL 208.4(4); MSA 7.558(4), subsequently conducted an audit of plaintiff and billed plaintiff for tax deficiencies arising from the interest on the payments that plaintiff deducted.

Neither party disputes that plaintiff was eligible for the single business tax credit under § 22c of the SBTA, MCL 208.22c; MSA 7.558(22c), for the amounts of principal it paid to the facility; instead, their dispute is with regard to whether the provision also entitles plaintiff to a single business tax credit for interest payments to the facility. Section 22c states, in pertinent part:

(1) For the tax year beginning October 1, 1987 and ending September 30, 1988 and each tax year thereafter, an insurance company may claim a credit against the tax and surcharge imposed by this act in the following amounts, but not to exceed the limitations provided in this section:

\*          \*          \*

(c) Amounts paid to the Michigan automobile insurance placement facility pursuant to chapter 33 of the insurance code of 1956, Act No. 218 of the Public Acts of 1956, being sections 500.3301 to 500.3390 of the Michigan Compiled Laws.

Plaintiff argued that the Legislature granted an insurance company a credit for all amounts the insurance company pays to the facility, including both principal

and interest. Defendant argued that this provision permits an insurance company to take a credit only for the facility's assessment, which does not necessarily include interest. The Court of Claims, which accurately noted that this is a close issue and an issue of first impression, agreed with defendant. We review the Court of Claims' decision de novo because statutory interpretation is a question of law. *Michigan Automotive Research Corp v Dep't of Treasury (After Remand)*, 222 Mich App 227, 231; 564 NW2d 503 (1997). Review de novo is also appropriate because the Court of Claims decided this issue upon plaintiff's motion for summary disposition. *Westfield Cos v Grand Valley Health Plan*, 224 Mich App 385, 387; 568 NW2d 854 (1997).

If reasonable minds can differ with regard to the meaning of a statute, judicial interpretation is appropriate. *Heinz v Chicago Rd Investment Co*, 216 Mich App 289, 295; 549 NW2d 47 (1996). Judicial interpretation of tax laws is subject to special rules. In general, tax laws are construed against the government. *Great Lakes Sales, Inc v State Tax Comm*, 194 Mich App 271, 276; 486 NW2d 367 (1992). However, tax exemption statutes are to be strictly construed in favor of the taxing unit. *Elias Bros Restaurants, Inc v Treasury Dep't*, 452 Mich 144, 150; 549 NW2d 837 (1996). We review this statute as an exemption provision because the single business tax credit at issue here reduces the amount of tax imposed upon an insurance company. See, e.g., *DeKoning v Dep't of Treasury*, 211 Mich App 359, 362; 536 NW2d 231 (1995).

As the party asserting the right to the credit, plaintiff bears the burden of proving its entitlement. *Elias*

*Bros, supra* at 150. Plaintiff first argues that the manner in which the Legislature used the terms "amounts" and "assessments" within § 22c is evidence of legislative intent to include interest in the single business tax credit. According to plaintiff, the Legislature used the more inclusive term "amounts" in granting the credit in subsection (1)(c) of § 22c, whereas in subsections 3 through 6 of § 22c, MCL 208.22c(3)-(6); MSA 7.558(22c)(3)-(6), the Legislature used the more specific term "assessments" to describe how the total available credit would be divided among the participating insurance companies. Thus, plaintiff concludes that the available credit may be calculated by the total assessments paid, but the actual "amount" credited to an insurance company against its single business tax liability includes both the principal and the interest it has paid to the facility. Defendant argues that subsections 3 through 6 use the term "assessments" because these subsections define and limit the tax credit granted in subsection 1. Accordingly, defendant concludes that if the Legislature intended for the amount credited to an insurance company to include both the assessed amount and any amount of interest accrued on the assessment, then the Legislature would not have used only the word "assessment" in defining and limiting the credit. Both arguments are plausible, but we agree with defendant because the scope of tax laws should generally not be extended by implication or forced construction. *Comerica Bank-Detroit v Dep't of Treasury*, 194 Mich App 77, 92; 486 NW2d 338 (1992).

Plaintiff next argues that the interest on the facility's assessment constitutes an amount paid pursuant to chapter 33 of the Insurance Code, MCL 500.3301 *et*

*seq.*;  MSA 24.13301 *et seq.*,  as required by subsection (1)(c) of section 22c of the SBTA because the facility's plan of operation, including the 1985 amendment providing members the second payment option, must meet the requirements of the Insurance Code before the Insurance Commissioner can approve the plan. MCL 500.3310(2);  MSA 24.13310(2).  Similarly, plaintiff argues that insurance companies should not be penalized or treated unequally in their single business tax liability for paying an assessment in a manner that has been approved by the Insurance Commissioner. Although the installment payment option is an approved option, it nonetheless remains a mere option for insurance companies.  The decision whether to pay an assessment at one time or over time with interest is a decision made by the participating insurance company alone. Indeed, in its agreement with the facility, plaintiff specifically agreed "that interest, compounded annually at such rate as the Board may establish from time to time, may be charged on its assessments not yet paid in cash and that it will satisfy such obligation at such time and in such manner as the Board may require."

Because plaintiff has not borne its burden of proof that it is entitled to a tax credit on its interest payments, we construe this tax statute in favor of the taxing unit. We hold that the Legislature did not intend for subsection (1)(c) of § 22c of the SBTA, MCL 208.22c(1)(c);  MSA 7.558(22c)(1)(c),  to confer a single business tax credit for any interest payments that a participating insurance company decides to pay to the facility. Therefore, the Court of Claims properly granted defendant summary disposition.

Affirmed.