HERALD WHOLESALE, INC v DEPARTMENT OF TREASURY

Docket No. 245644. Submitted May 5, 2004, at Lansing. Decided July 6,
2004, at 9:10 A.M.

Herald Wholesale, Inc., petitioned the Department of Treasury to set
aside an assessment that followed an audit. The assessment
required an addition to the single business tax (SBT) tax base of
Herald in the amount of the compensation paid to two people who
acted as officers and managers of Herald, but were employees of
Amstaff, Inc., a human resources management services company
or professional employer organization. The agreement between
Herald and Amstaff assigned employment decisions to Amstaff,
and Amstaff retained administrative authority over compensation,
all federal, state, and local employment taxes, provided worker's
compensation coverage, and maintained voluntary fringe benefit
programs for its employees, including those working at Herald. A
Department of Treasury hearing referee ruled in favor of Herald
and recommended a tax refund. The commissioner of revenue
rejected the referee's recommendation and upheld the assessment.
The Court of Claims, Peter D. Houk, J., upheld the tax assessment
without regard to the payment of compensation solely by Amstaff
and to the fact that no compensation was paid the workers for
their positions as officers of Herald. The plaintiff appealed, con-
tending that the compensation of the employees should be added
to the SBT tax base of Amstaff as the employer of the workers, not
of Herald.

The Court of Appeals *held*:

1. MCL 208.5(1) and (2) specifically incorporate the Internal
Revenue Code (IRC) definitions of "employee" and "employer" from
26 USC 3401(c) and (d). Pursuant to the IRC definitions, a rebut-
table presumption of Amstaff as the employer arises by Amstaff
withholding from the employees' incomes for federal income tax
purposes. The department has not rebutted that presumption.

2. The employees were employees of Amstaff for the purpose of
the calculation of the SBT tax base. The companies' agreement
provided that Amstaff would be the employer of the personnel it
provided to plaintiff and that Amstaff would be responsible for
specific administrative employment matters, including the pay-

ment of benefits, worker's compensation claims, payroll, payroll tax compliance, and unemployment insurance benefits. The employees performed few or no services in their roles as officers of Herald and did not get paid for those roles. 2002 PA 603, an amendment to the Single Business Tax Act, was passed solely to expressly and specifically address the question of who the employer is, but it applies only to tax years after those at issue in this case.

Reversed.

MURRAY, J., concurred in the result, but rejected the use of 2002 PA 603 in the analysis because that act was passed after the tax years relevant to this case.

TAXATION — SINGLE BUSINESS TAX — TAX BASE — COMPENSATION OF LEASED EMPLOYEES.

Leased employees, i.e., workers employed by a professional employer organization that pays their wages and benefits and does the federal withholding from their pay, who work for another company pursuant an agreement are rebuttably presumed to be employees of the professional employer organization for the purpose of the addition of compensation to the tax base for the calculation of the single business tax (26 USC 3401[c], [d]; MCL 208.5[1], [2]).

*Abear & Crane, P.C.* (by *Mark E. Crane*), and *Siegel, Greenfield, Hayes & Gross, PLC* (by *Robert W. Siegel*), for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Roland Hwang*, Assistant Attorney General, for the defendant.

Before: MURRAY, P.J., and NEFF and DONOFRIO, JJ.

NEFF, J. Plaintiff Herald Wholesale, Inc., appeals as of right an order of the Court of Claims granting defendant Department of Treasury summary disposition and upholding the defendant's assessment of tax under the Single Business Tax Act (SBTA),[1] MCL 208.1 *et*

---

[1] The Legislature has repealed the SBTA effective for tax years beginning after December 31, 2009. 2002 PA 531, enacting § 1.

*seq.*, for compensation paid to officer-employees under a client services agreement. We reverse.

I

This appeal presents the unusual situation of requiring this Court to answer a narrow question of statutory interpretation under the SBTA that has already been expressly and specifically answered by the Legislature through amending legislation, 2002 PA 603. The question is whether plaintiff must include in its single business tax (SBT) tax base, compensation paid to two corporate officer-managers by Amstaff, Inc.,[2] a human resource management services company used by plaintiff. MCL 208.4(4), as amended by 2002 PA 603, makes it clear that such compensation shall not be included in the tax base of the managed corporation, e.g., plaintiff, but instead shall be included in the SBT tax base of the human resource management services company ("professional employer organization").

The amendment of the SBTA was enacted specifically to defeat the legal position assumed by defendant in this case, and to "reverse" *Bandit Industries, Inc v Dep't of Treasury*,[3] which was the basis for the decision by the Court of Claims in this case. House Legislative Analysis, HB 5403, January 15, 2003.[4] Because the statutory amendment applies to tax years that begin after December 31, 2003, it does not resolve this appeal, which concerns tax years 1993 through 1995.[5] MCL 208.4(4).

---

[2] Amstaff, Inc., is also known as American Staffing, Inc.

[3] Unpublished opinion of the Court of Claims, issued September 7, 2000 (Docket No. 99-17260-CM).

[4] This legislation became effective December 20, 2002, less than one month after the Court of Claims decision in this case

[5] It is curious that neither party referenced the amending legislation in presenting this appeal, either in the briefs or at oral argument in

We hold, independently of the recently enacted amendment, that where the corporate officers received no compensation as officers and were compensated solely on the basis of their day-to-day management responsibilities, the SBTA, as in effect during the tax years at issue, does not require plaintiff to include in its SBT tax base the compensation paid by Amstaff to the officer-employees. The Court of Claims erred in upholding the SBT tax assessment on the basis that the managers' mere status as corporate officers required that they be deemed employees of plaintiff for the purpose of calculating plaintiff's SBT tax base.

II

Plaintiff is a Michigan corporation that sells bathroom and lighting fixtures, mirrors, doors, and other building and interior design materials. In March 1991, plaintiff entered into a "staff leasing" agreement with Amstaff to fulfill plaintiff's personnel needs, including hiring, firing, payment of wages, and withholding for federal tax purposes. Amstaff provided all of plaintiff's personnel. The companies' agreement provided that Amstaff would be the employer of the employees it provided to plaintiff and would be responsible "for such administrative employment matters as payment of all federal, state and local employment taxes, providing workers' compensation coverage, as well as non-obligatory fringe benefit programs for its employees."

---

response to pertinent questions by the panel. Because the legislation undercuts defendant's argument in this case, we presume that defense counsel either was unaware of the legislation or misled the panel in his presentation of the case on appeal. Certainly, defendant must be generally aware of the legislation because it was specifically enacted to defeat the legal position assumed by defendant with regard to SBTA taxation.

The agreement also provided that Amstaff would control employment decisions: "AMSTAFF shall have the sole responsibility of hiring, evaluating, supervising, disciplining and firing of individuals assigned to fill CLIENT'S Job Function Positions. Under no circumstances shall CLIENT terminate any employee without the consent of AMSTAFF, it being understood that AMSTAFF shall retain full control over all personnel decisions." The parties' contract remained in effect during the tax years at issue, those ending August 1993 through August 1995.

Among the employees Amstaff assigned to plaintiff were Gerald and Janice Katz. In addition to performing managerial, administrative, and executive duties, the Katzes served as plaintiff's corporate officers: Gerald Katz as president and Janice Katz as vice president and secretary. However, the Katzes received no compensation for their activities as officers, which were minimal.

Following an audit, defendant assessed plaintiff single business tax of $27,128, plus $7,713.96 interest for the tax periods ending August 1993 through August 1995, on the ground that plaintiff failed to include the compensation paid to the Katzes in its SBT tax base as required by the SBTA, which provides that a corporation must include in its tax base compensation paid to employees. MCL 208.9(5). Plaintiff had not included the Katzes' compensation in its SBT tax base because, in its view, pursuant to MCL 208.5(1), the Katzes were Amstaff employees.[6] Defendant concluded to the contrary that the Katzes, as officers, were *plaintiff's* employees for purposes of the SBTA. Plaintiff paid the tax and interest and appealed the assessment.

---

[6] MCL 208.5(1) provides that "[a] person from whom an employer is required to withhold for federal income tax purposes shall prima facie be deemed an employee."

Following a hearing, defendant's referee ruled in plaintiff's favor, recommending the tax and interest be refunded. But in October 2001, the commissioner of revenue rejected the referee's recommendation and upheld the assessment. Plaintiff appealed to the Court of Claims. The Court of Claims upheld the tax assessment and granted defendant's motion for summary disposition, relying on *Bandit Industries,* which raised the same issues.

III

This Court reviews de novo the Court of Claims decision on a motion for summary disposition. *Auto-Owners Ins Co v Dep't of Treasury,* 226 Mich App 618, 621; 575 NW2d 770 (1997). Likewise, statutory interpretation is a question of law, which we review de novo. *Id.* With regard to the Court of Claims interpretation of the SBTA, our review is subject to the general rules of statutory interpretation:

> The primary objective of judicial construction is to ascertain and give effect to the Legislature's intent. The language of the statute is the best source for ascertaining intent. An act must be read in its entirety and the meaning given to one section arrived at after due consideration of the other sections so as to produce, if possible, a harmonious and consistent enactment as a whole. Long-standing administrative interpretations by those charged with administering a statute are entitled to considerable weight. However, an administrative interpretation is not conclusive and cannot be used to overcome a logical reading of the statute. If an act is clear and unambiguous, then judicial construction or interpretation is unwarranted. If a statute is ambiguous or susceptible to two or more constructions that could cause reasonable minds to disagree as to its meaning, the statute must be

interpreted. [*Stratton-Cheeseman Mgt Co v Dep't of Treasury*, 159 Mich App 719, 724-725; 407 NW2d 398 (1987) (citations omitted).]

IV

Plaintiff argues that the Court of Claims erred in holding that compensation paid to the Katzes must be included in plaintiff's SBT tax base notwithstanding that the compensation was paid solely by Amstaff and was received by the Katzes solely in their capacities as Amstaff employees, not as officers of the corporation.

Defendant responds that the Court of Claims correctly upheld the tax assessment on the basis that the Katzes were employees of plaintiff. Defendant's position is that a corporation may not lease its officers because its corporate existence is dependent on its officers, so the Katzes' compensation must be included in plaintiff's SBT tax base regardless of whether the compensation was paid for being an officer or for other services the Katzes provided to the corporation.

As noted, the Legislature has resolved this dispute by enacting 2002 PA 603, which provides in relevant part:

For tax years that begin after December 31, 2003, for purposes of determining compensation of a professional employer organization, compensation includes payments by the professional employer organization to the officers and employees of an entity whose employment operations are' managed by the professional employer organization. Compensation of the entity whose employment operations are managed by a professional employer organization does not include compensation paid by the professional employer organization to the officers and employees of the entity whose employment operations are managed by the professional employer organization. As used in this subsection, "professional employer organization" means an organization that provides the management and administration

of the human resources and employer risk of another entity
by contractually assuming substantial employer rights,
responsibilities, and risk through a professional employer
agreement that establishes an employer relationship with
the leased officers or employees assigned to the other entity
by doing all of the following:

(a) Maintaining the right of direction and control of
employees' work, although this responsibility may be
shared with the other entity.

(b) Paying wages and employment taxes of the employ-
ees out of its own accounts.

(c) Reporting, collecting, and depositing state and fed-
eral employment taxes for the employees.

(d) Retaining the right to hire and fire employees. [MCL
208.4(4).]

The above provisions make it clear that, in situations
such as those presented in this case, the compensation
paid to leased employees and officers is properly in-
cluded in the SBT tax base of the lessor, human resources
management company. As noted, the statutory amend-
ment does not apply to the tax years involved in this
case. However, we find the amendment instructive to
our analysis and decision.[7]

Of significance is the time frame in which the amend-
ment was passed, promptly reversing the holding in
*Bandit,* which was decided in September 2000; the
Legislature enacted the amendment in late 2002, only

---

[7] We respectfully disagree with the concurring opinion statement that
the amendment (2002 PA 603) is wholly inapplicable to this case. The
amendment undermines defendant's core argument in this case—that a
corporation cannot, as a matter of law, lease its officers. The amendment
and its legislative history are also relevant to this Court's understanding
and interpretation of the SBTA and to evaluating the merit of the
arguments advanced by both parties in this case. Moreover, an amend-
ment enacted soon after controversies arise can be regarded as an
interpretation of the original act. *Detroit v Walker,* 445 Mich 682, 697;
520 NW2d 135 (1994).

two years later. From the rapid action of the Legislature, the legislative history of the amendment, and our own analysis of the statutory language before amendment, we deduce that the amendment did not signal any change in the SBTA, but was intended lay to rest a misinterpretation of the statute and to clear up any confusion about the issue raised, concerning whether officers of a corporation can be considered employees of a human resources management company.

However, even without the benefit of this express statutory provision, we would conclude that defendant's position is unsupported by the SBTA.

## V

The SBTA requires generally that in calculating its Single Business Tax (SBT) tax base, a corporation include compensation paid.[8] MCL 208.9(5); *Mid America Mgt Corp v Dep't of Treasury*, 153 Mich App 446, 461; 395 NW2d 702 (1986). The SBTA defines "compensation" as

> all wages, salaries, fees, bonuses, commissions, or other payments made in the taxable year on behalf of or for the benefit of *employees, officers*, or directors of the taxpayers. Compensation includes, but is not limited to, payments that are subject to or specifically exempt or excepted from withholding under sections 3401 to 3406 of the internal revenue code. [MCL 208.4(3).]

The SBTA incorporates by reference the definitions of "employee" and "employer" used in 26 USC 3401(c) and

---

[8] The SBTA imposes a tax on the adjusted tax base of every person with business activity in Michigan that is allocated or apportioned to this state. MCL 208.31(1); *Mid America, supra* at 461. To calculate its tax base, a corporation begins with its federal taxable income and makes adjustments in the form of additions or subtractions to arrive at the tax base. MCL 208.9; *Mobil Oil Corp v Dep't of Treasury*, 422 Mich 473, 497; 373 NW2d 730 (1985).

(d) of the Internal Revenue Code (IRC). MCL 208.5(1) and (2). In addition, the SBTA provides that "[a] person from whom an employer is required to withhold for federal income tax purposes shall prima facie be deemed an employee," and "[a] person required to withhold for federal income tax purposes shall prima facie be deemed an employer." MCL 208.5(1), (2).

Plaintiff argues that under subsection 5(1) of the SBTA, the Katzes are employees of Amstaff. We agree. Amstaff was required to withhold from the Katzes for federal income tax purposes. This circumstance creates a rebuttable presumption that the Katzes are employees of Amstaff. *Mid America, supra* at 465. A rebuttable presumption establishes a prima facie case and places the burden of proof on the opposing party. *Id*. Defendant has failed to rebut that presumption.

Defendant's argument that the Katzes' roles as officers are not distinct and separate from their roles as employees is unpersuasive. Defendant does not dispute that the Katzes received no compensation in their roles as officers. The lease arrangement with Amstaff, and the compensation paid, related solely to the Katzes' performance as manager-employees. Thus, defendant's assertion that a corporation cannot lease its officers is irrelevant because plaintiff did not lease its officers. Moreover, as plaintiff points out, the separate mention of officers and employees in MCL 208.4(3) supports a conclusion that the Legislature viewed these roles as separate and distinct. The Legislature clearly contemplated that a taxpayer may compensate individuals in their capacities as employees, as officers, or in both capacities, and we must therefore give effect to the statutory language by viewing these roles independently if the facts support such a view.

The SBTA relies on § 3401(c) of the IRC for the definition of "employee." MCL 208.5(1). 26 USC 3401(c) provides:

> [T]he term "employee" includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term "employee" also includes an officer of a corporation.

The separate inclusion of an officer of a corporation in the definition of employee further supports a conclusion that a corporate officer who is not an "employee" in the general sense, is nevertheless considered an employee for tax purposes and that compensation in these capacities may be separate and distinct.

Further, the "minor services" exception to the IRC definition of employee, set out in the federal regulations, is in accordance with our conclusion that the Katzes' roles as officers were unrelated to their compensation as managers.

> [A]n officer of a corporation who as such does not perform any services or performs only minor services and who neither receives nor is entitled to receive, directly or indirectly, any remuneration is not considered to be an employee of the corporation. A director of a corporation in his capacity as such is not an employee of the corporation. [26 CFR 31.3401(c)-1(f).]

Plaintiff asserts that the Katzes performed only minimal duties as officers, spending the majority of their time on administrative, executive, and managerial tasks. Evidence indicates that the Katzes received no compensation for their roles as officers.

We disagree with defendant that the minor services exception is inapplicable on these facts because the Katzes received compensation as managers. The regu-

lation does not consider an officer to be an employee if that officer, "as such," performs no services or minor services and does not get paid for those services. *Id.* By its placement, the phrase "as such" relates to the phrase "an officer . . . who" and indicates an officer who, *in that role,* performs few or no services and does not get paid. If the regulation were meant to apply to *any* of an officer's services for a corporation and remuneration for those services, the phrase "as such" would be unnecessary. Defendant's interpretation and that adopted by the Court of Claims in *Bandit,* renders this phrase meaningless. This Court avoids constructions that render any part of a statute surplusage. *Hoste v Shanty Creek Mgt, Inc,* 459 Mich 561, 574; 592 NW2d 360 (1999).

The logically sound view in this case is that the Katzes' roles as officers and managers are separate and distinct. Accordingly, because they performed only minor services as officers, and received no remuneration in that regard, they are not "employees" in their officer capacities under the IRC definition.

Defendant argues that even if the minor services exception applies factually, this Court previously held in *Mid America* that the technical exceptions contained in the IRC have no application for purposes of the SBTA. We disagree with defendant's broad reading of the limitation in *Mid America.* The *Mid America* Court in part found the technical exception at issue in that case, 26 USC 3401(d)(1), irrelevant to the purpose of the SBTA, because the purpose of the exception was to fix responsibility for withholding employment taxes,[9] while the purpose of the SBTA was to tax the incremental value of a taxpayer's economic activity. *Mid America, supra* at

---

[9] 26 USC 3401(d)(1) provides "if the person for whom the individual performs or performed the services does not have control of the payment

464. We find no conflict in purpose with regard to the minor services exception and the SBTA, and while not controlling, the exception reflects a recognition in the law that an officer of a corporation may provide only minor services in that capacity, for which the officer receives no remuneration, as in this case. In that circumstance, the officer is not considered an employee for tax purposes.

Finally, we are unpersuaded by defendant's argument that the Katzes were plaintiff's employees because Amstaff paid the Katzes' compensation merely for administrative convenience. Defendant asserts that plaintiff was the Katzes' true employer. The companies' agreement provided that Amstaff would be the employer of the employees it provided to plaintiff and would be responsible "for such administrative employment matters as payment of all federal, state and local employment taxes, providing workers' compensation coverage, as well as non-obligatory fringe benefit programs for its employees." We find no basis for determining that the companies' intent, as expressed in their agreement, was other than for the purposes expressed. "In a multiparty transaction, this Court should honor the allocation of rights and duties effected by the parties in an agreement, when supported by tax-independent considerations." *Stratton-Cheeseman, supra* at 725.

Contractual arrangements for the management of personnel matters such as health benefits, worker's compensation claims, payroll, payroll tax compliance, and unemployment insurance claims are well-recognized and were the impetus for the enactment of

of the wages for such services, the term 'employer' (except for purposes of subsection [a]) means the person having control of the payment of such wages . . . ."

legislation amending the SBTA as discussed above. 2002 PA 603; *House Legislative Analysis, supra* at 1. " 'Businesses today need help managing increasingly complex employee related matters . . . .' " *Id.* (citation deleted.) The agreement in this case is supported by tax independent considerations. The companies' agreement provided that Amstaff would be the employer of the personnel it provided to plaintiff and would be responsible for specific administrative employment matters. The agreement also provided that Amstaff would control employment decisions.

Defendant has not rebutted the presumption that the Katzes were employees of Amstaff, rather than plaintiff. Plaintiff therefore was not required to include the Katzes' compensation in its SBT tax base for the tax years at issue. The Court of Claims erred in upholding the tax assessment.

Reversed.

DONOFRIO, J., concurred.

MURRAY, P.J. *(concurring)*. I concur in the result reached by the majority reversing the Court of Claims order granting defendant's motion for summary disposition. I also agree with the majority's analysis, except as it pertains to any discussion of 2002 PA 603. Passed after the years relevant to this case, 2002 PA 603 is wholly inapplicable to this case and, therefore, cannot be instructive to any analysis or decision of this appeal. Accordingly, any discussion regarding the meaning or intent of 2002 PA 603 is obiter dictum because it is unnecessary for a proper resolution of this appeal. *Bauer v Garden City,* 163 Mich App 562, 570-571; 414 NW2d 891 (1987).