MACATAWA BANK v WIPPERFURTH

Docket No. 300451. Submitted November 1, 2011, at Grand Rapids. Decided November 8, 2011, at 9:10 a.m. Leave to appeal denied, 491 Mich 915.

Macatawa Bank filed a request for garnishment in the Kent Circuit Court seeking to satisfy a judgment against Kurt and Janice Wipperfurth (who were domiciled in Florida) by garnishing money from their individual retirements accounts (IRAs) held at TD Ameritrade in Michigan. Defendants had objected to the writ of garnishment, arguing that under Michigan caselaw the IRAs were exempt from garnishment. The court, George S. Buth, J., rejected defendants' objection and granted the writ of garnishment against defendants' IRAs. Defendants appealed.

The Court of Appeals *held*:

Under MCL 600.4011(1)(a), Michigan courts may garnish personal property belonging to the person against whom the claim is asserted that is in the possession or control of a third person if the third person is subject to the judicial jurisdiction of the state and the personal property to be applied is within the boundaries of this state. In general, the situs of intangible assets such as an IRA is the domicile of the owner unless it is fixed by some positive law. While the circuit court had jurisdiction over TD Ameritrade, defendants were domiciled in Florida and as such their IRAs were not located within the boundaries of Michigan. Because there was no statute or caselaw that altered the general rule, the IRAs did not fall with the scope of personal property that may be garnished by a Michigan court.

Reversed.

GARNISHMENT — WRITS OF GARNISHMENT — LOCATION OF INTANGIBLE ASSETS — DOMICILE OF OWNER.

Michigan courts may garnish personal property belonging to the person against whom the claim is asserted that is in the possession or control of a third person if the third person is subject to the judicial jurisdiction of the state and the personal property to be applied is within the boundaries of this state; generally, the situs of intangible assets is the domicile of the owner unless it is fixed by some positive law (MCL 600.4011[1][a]).

*Steven E. Bratschie & Associates, P.C.* (by *Scott Mancinelli* and *Julianna Hyatt-Wierzbicki*), for Macatawa Bank.

*Law, Weathers & Richardson, P.C.* (by *Michael J. Roth*), for Kurt and Janice Wipperfurth.

Before: JANSEN, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM. Defendants in this appeal argue that plaintiff may not garnish their individual retirement accounts (IRAs) in Michigan. We agree and reverse the order of the circuit court.

The facts in this case are undisputed. Defendants reside in Florida and have not maintained a home in Michigan for many years. On February 19, 2010, plaintiff obtained a judgment against defendants in the Kent Circuit Court for $42,622.13. Plaintiff then filed a request for garnishment with the circuit court, naming TD Ameritrade as garnishee.[1] Defendants have three IRAs with TD Ameritrade, two of which are individually sufficient to satisfy the judgment against defendants.

Defendants objected to the writ of garnishment, arguing that the IRAs are exempt from garnishment under Michigan law.[2] The parties agree that TD Ameritrade is subject to jurisdiction in Michigan. The circuit court rejected defendants' objection without explana-

---

[1] Defendants complain that plaintiff did not serve them with the writ of garnishment. However, under MCR 3.101(F)(1) plaintiff was only required to serve the garnishee, TD Ameritrade. The garnishee was then responsible for notifying the defendant, MCR 3.101(F)(2), which TD Ameritrade did.

[2] Plaintiff states that defendants did not timely file their objection. However, MCR 3.101(K)(1) clearly states that objections may be filed more than 14 days after a defendant is served with the writ of garnishment. Late objections simply do not automatically stay payment by the garnishee. *Id.*

tion, and defendants appealed. We review de novo questions of law. *Cooper v Auto Club Ins Ass'n*, 481 Mich 399, 406; 751 NW2d 443 (2008).

Defendants, who are domiciled in Florida, argue, *inter alia*, that their IRAs may not be garnished in Michigan because the IRA accounts constitute intangible personal property the situs of which, under Michigan law, is the state in which the owner is domiciled. This specific argument was not raised below. Nonetheless, we may review an unpreserved issue if it presents a question of law and all the facts necessary for its resolution are before the Court. *Westfield Cos v Grand Valley Health Plan*, 224 Mich App 385, 387; 568 NW2d 854 (1997). We do so in this case because the facts are not in dispute, the issue has been fully briefed, and the situs of the accounts presents a question that we conclude must be answered before we can reach the other matters considered by the circuit court.

MCL 600.4011(1)(a) describes the conditions under which Michigan courts may garnish personal property:

> [T]he court has power by garnishment to apply the following property or obligation, or both, to the satisfaction of a claim evidenced by contract, judgment of this state, or foreign judgment, whether or not the state has jurisdiction over the person against whom the claim is asserted:
>
> (a) Personal property belonging to the person against whom the claim is asserted but which is in the possession or control of a third person if the third person is subject to the judicial jurisdiction of the state and the personal property to be applied is within the boundaries of this state.

The parties in this case agree that the court had jurisdiction over TD Ameritrade, but defendants argue that their IRAs are not legally "within the boundaries of this state." The parties also agree that an IRA is

intangible personal property, similar to a bank account. See *In re Rapoport's Estate*, 317 Mich 291, 293, 301; 26 NW2d 777 (1947).

The longstanding rule in Michigan is that "the situs of intangible assets is the domicile of the owner unless fixed by some positive law." *Rapoport's Estate*, 317 Mich at 301; see also *In re Dodge Bros*, 241 Mich 665, 669; 217 NW 777 (1928), *Mills v Anderson*, 238 Mich 643, 655-656; 214 NW 221 (1927), and 5 Michigan Civil Jurisprudence, Conflict of Laws, § 58, p 412-413. It is undisputed that defendants' state of domicile is Florida. Therefore, their IRAs are not located "within the boundaries" of Michigan. Because plaintiff cites no "positive law" holding that the situs of an IRA is fixed other than by this general rule and the situs of defendants' IRAs is unquestionably Florida, the IRAs do not fall within the scope of personal property that may be garnished by a Michigan court.

Plaintiff argues that *Rapoport's Estate* is distinguishable because it dealt with the distribution of property upon death, rather than garnishment. However, the case clearly states that the rule described earlier is the general rule.[3]

Plaintiff would have us instead follow *Acme Contracting, Ltd v Toltest, Inc*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued October 3, 2008 (Docket No. 07-10950), which held that the funds in a bank account "are 'located' wherever they are available for withdrawal." We are not bound by opinions of lower federal courts, *Allen v Bloomfield Hills Sch Dist*, 281 Mich App

---

[3] "It should be noted . . . that the generally accepted rule, the situs of intangible assets is the domicile of the owner unless fixed by some positive law, applies to the descent and distribution of personal property." *Rapoport's Estate*, 317 Mich at 301.

49, 59; 760 NW2d 811 (2008), and do not agree that this unpublished decision provides relevant guidance. The *Toltest* court noted that the parties did not provide it with "any Michigan authority" addressing the question, and so that court did not consider our Supreme Court's holding in *Rapoport's Estate*. *Toltest*'s reliance on the fact that the bank accounts at issue were available for withdrawal at any of the bank's branches does not provide a basis for us to overrule *Rapoport's Estate*. Indeed, though it may now be *easier* to access bank accounts from various states, the decision in *Rapoport's Estate* does not predate this system. Plaintiff has not cited a case or statute that altered the general rule set forth in *Rapoport's Estate*, and we are bound by that Supreme Court precedent.[4] Accordingly, the IRAs are not located in Michigan and may not be garnished by a Michigan court.

Reversed.

JANSEN, P.J., and SAWYER and SHAPIRO, JJ., concurred.

---

[4] Plaintiff also cites cases from Georgia and Arkansas, but these are irrelevant in the face of controlling Michigan precedent.