# STATE OF MICHIGAN

# COURT OF APPEALS

---

KURT WIPPERFURTH and JANICE
WIPPERFURTH,

        Plaintiffs-Appellants,

v

MACATAWA BANK, TD AMERITRADE, INC.,
SCOTT MANCINELLI, HARDING ENERGY,
INC., and DAVID CLOW,

        Defendants-Appellees.

UNPUBLISHED
December 9, 2014


No. 317105
Kent Circuit Court
LC No. 12-007886-CK

---

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Plaintiffs, Kurt and Janice Wipperfurth, appeal as of right the trial court's June 17, 2013 order awarding attorney fees and costs to defendants Macatawa Bank and Scott Mancinelli. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This claim arises out of a commercial loan by Macatawa Bank to plaintiffs. In August 2009, plaintiffs defaulted on the loan, and Macatawa Bank filed a lawsuit against plaintiffs to recover the unpaid debt. The facts of this underlying action are set forth in *Macatawa Bank v Wipperfurth*, 294 Mich App 617, 618-619; 822 NW2d 237 (2011):

> On February 19, 2010, [Macatawa Bank] obtained a judgment against [plaintiffs] in the Kent Circuit Court for $42,622.13. [Macatawa Bank] then filed a request for garnishment with the circuit court, naming TD Ameritrade as garnishee. [Plaintiffs] have three IRAs with TD Ameritrade, two of which are individually sufficient to satisfy the judgment against [plaintiffs].
>
> [Plaintiffs] objected to the writ of garnishment, arguing that the IRAs are exempt from garnishment under Michigan law. The parties agree that TD Ameritrade is subject to jurisdiction in Michigan. The circuit court rejected [plaintiffs'] objection without explanation, and [plaintiffs] appealed.

-1-

This Court found that plaintiffs' Individual Retirement Accounts (IRAs) with defendant TD Ameritrade, Inc were not located within the boundaries of Michigan and thus did not fall within the scope of personal property that could be garnished by a Michigan court; therefore, this Court reversed the trial court's denial of plaintiffs' objections to the writ of garnishment and the trial court's order permitting garnishment of the IRA funds. *Id*. at 620-621.

Pending a decision by this Court in the previous action, plaintiffs agreed to place into escrow $70,000 from their IRAs with TD Ameritrade as an appellate bond. The funds posted by plaintiffs were held by the trial court in escrow pursuant to MCR 3.604 and MCR 7.209, and in June 2012, following this Court's decision in the underlying action, the escrowed funds were returned to plaintiffs.

In August 2012, after the funds were returned, plaintiffs filed the present action against Macatawa, Mancinelli, who was Macatawa's attorney in the underlying action, TD Ameritrade, defendants David Clow, and Harding Energy, Inc, in August 2012.[1] Despite the fact that the funds had been returned to plaintiffs, and despite the fact that plaintiffs stipulated to placing the funds into escrow, they alleged the following eight counts with regard to the funds and the garnishment: (1) unjust enrichment against all defendants; (2) illegal confiscation of plaintiffs' assets and a statutory violation of plaintiffs' proprietary rights against all defendants; (3) illegal garnishment against Mancinelli; (4) illegal garnishment against TD Ameritrade; (5) breach of contract against TD Ameritrade; (6) conversion against Macatawa and Mancinelli; (7) illegal garnishment against Harding Energy and Clow; and (8) an unlabeled cause of action against all defendants seeking damages in excess of $1,000,000.

In September 2012, Mancinelli and Macatawa advised plaintiffs' counsel that there was no legal basis for the present action and advised plaintiffs' counsel that they would pursue sanctions if the case was not dismissed. When plaintiffs did not dismiss the action, defendants filed respective motions for summary disposition and, with the exception of TD Ameritrade, all defendants moved for sanctions against plaintiffs pursuant to MCR 2.114(E) and MCL 600.2591. On November 16, 2012, the trial court held a hearing on defendants' motions and found that plaintiffs' claims were "unfounded" and that there was "no basis in law or fact to bring these claims[,]" given that the money had been returned after this Court's previous ruling. Thereafter, the trial court entered orders granting defendants' respective motions for summary disposition and sanctions.

Following multiple hearings, the trial court awarded $13,000 in attorney fees in the form of sanctions to Mancinelli, $9,460 to Clow, and $11,319 to Macatawa. On June 17, 2013, the trial court issued a written order confirming the amount of fees and ordering that the fees were awarded against plaintiffs and their counsel pursuant to MCR 2.114, MCR 2.625, and MCL 600.2591.

---

[1] Plaintiffs' claims in the present action against Harding Energy and Clow arose out of another writ of garnishment filed in the underlying action, but the claims against Harding Energy and Clow are not at issue in this appeal.

## II. SUMMARY DISPOSITION

Plaintiffs first contend that the trial court erred by granting summary disposition to defendants. Ordinarily, our review of the trial court's decision on a motion for summary disposition would be de novo. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). However, the trial court's summary disposition orders are beyond the scope of this appeal as of right from the trial court's June 17, 2013 order granting sanctions. The June 17, 2013 order granting sanctions is a final order under MCR 7.202(6)(a)(iv), and MCR 7.203(A)(1) limits the scope of the appeal of right regarding that order to the part which is appealable of right, i.e., the sanctions issue. Therefore, we could decline to consider these issues. Moreover, as discussed below in our discussion of the sanctions issue, plaintiffs' claims are meritless.

## III. SANCTIONS

Plaintiffs argue that the trial court erred when it found that the present action was frivolous and awarded attorney fees and costs to Macatawa Bank and Mancinelli pursuant to MCR 2.114.[2] Plaintiffs challenge the order awarding these sanctions, but not the reasonableness of the amount awarded. When reviewing an award of sanctions, "[a] trial court's finding that an action is frivolous is reviewed for clear error. A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002) (citation omitted).

MCR 2.114 requires every pleading to be signed by an attorney or party and provides, in relevant part, as follows:

> (D) Effect of Signature. The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that
>
> (1) he or she has read the document;
>
> (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (E) Sanctions for Violation. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the

---

[2] As noted, the trial court also found that TD Ameritrade was entitled to sanctions, but TD Ameritrade elected not to pursue costs and attorney fees. In addition, plaintiffs do not challenge the sanctions awarded to Clow.

person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

(F) Sanctions for Frivolous Claims and Defenses. In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages.

MCR 2.625(A)(2) provides that "[i]n an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." As referenced in the previous quote, MCL 600.2591 provides as follows:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(iii) The party's legal position was devoid of arguable legal merit. [MCL 600.2591.]

The determination whether a claim is frivolous is based upon the circumstances that existed at the time the claim was asserted. *Robert A Hansen Family Trust v FGH Indus*, *LLC*, 279 Mich App 468, 486; 760 NW2d 526 (2008). Further, in *Attorney Gen v Harkins*, 257 Mich App 564, 576; 669 NW2d 296 (2003), this Court explained:

The frivolous claims provisions impose an affirmative duty on each attorney to conduct a reasonable inquiry into the factual and legal viability of a pleading before it is signed. The reasonableness of the inquiry is determined by an objective standard. The focus is on the efforts taken to investigate a claim before filing suit, and a determination of reasonable inquiry depends on the facts and

-4-

circumstances of the case. The attorney's subjective good faith is irrelevant. [Citations omitted.]

In the present case, Count I of plaintiffs' complaint alleged unjust enrichment with regard to Macatawa Bank and Mancinelli based on the escrowed IRA funds. A claim of unjust enrichment requires that Macatawa Bank and Mancinelli received a benefit from and retained the escrowed funds. *Karaus v Bank of New York Mellon*, 300 Mich App 9, 23; 831 NW2d 897 (2012). A review of this basic rule establishing the elements of an unjust enrichment claim demonstrates that plaintiffs' claims were frivolous at the time they were filed. At the time plaintiffs filed their complaint, they knew that Macatawa Bank and Mancinelli did not receive the escrowed funds because they were held by the trial court, upon plaintiffs' express insistence. In addition, the trial court returned the funds to plaintiffs *before* they filed their complaint. Clearly, neither Macatawa Bank nor Mancinelli received a benefit from or retained the escrowed funds. Therefore, based on the facts known at the time the complaint was filed, the unjust enrichment claim against Macatawa Bank and Mancinelli was not grounded in fact or warranted by existing law, plaintiffs had no reasonable basis to believe that the facts underlying this claim were true, and their legal position in this claim was devoid of arguable legal merit.

Count II of plaintiffs' complaint alleged illegal confiscation of the escrowed funds and an unidentified statutory violation of plaintiffs' proprietary rights regarding the escrowed funds against Macatawa Bank and Mancinelli. However, at the time the complaint was filed, plaintiffs did not cite any legal authority to support this claim, and plaintiffs did not articulate any legal authority to support this claim at the hearing in the trial court or in their appellate brief. And, as discussed, the funds were not confiscated, but instead, were placed into escrow pursuant to a stipulation entered into by plaintiffs. Clearly, at the time the complaint was filed, this claim was not warranted by existing law and was devoid of arguable legal merit.

Count III of plaintiffs' complaint alleged illegal garnishment by Mancinelli. Plaintiffs' complaint did not cite any legal authority to support this claim. In addition, plaintiffs do not expressly raise an argument with regard to this claim on appeal. Nonetheless, we glean from plaintiffs' complaint an allegation that Mancinelli was negligent for filing an improper garnishment. To the extent plaintiffs alleged that Mancinelli was negligent when he requested garnishment of the IRA funds, this claim is also unsupported by Michigan law. In *Casey v Auto Owners Ins Co*, 273 Mich App 388, 402-403; 729 NW2d 277 (2006), this Court held that:

> creation of a duty in favor of an adversary of the attorney's client would create an unacceptable conflict of interest which would seriously hamper an attorney's effectiveness as counsel for his client. Not only would the adversary's interests interfere with the client's interests, the attorney's justifiable concern with being sued for negligence would detrimentally interfere with the attorney-client relationship. [Citation and quotation omitted.]

Accordingly, at the time the complaint was filed, plaintiffs' claim of illegal garnishment against Mancinelli was not warranted by existing law and was devoid of arguable legal merit.

Count VI[3] of plaintiffs' complaint alleged common law conversion by Macatawa Bank and Mancinelli. A claim of common law conversion requires that Macatawa Bank and Mancinelli obtained the escrowed funds without plaintiffs' consent to the creation of a debtor-creditor relationship. *Lawsuit Financial, LLC v Curry*, 261 Mich App 579, 591; 683 NW2d 233 (2004). A review of the circumstances surrounding the filing of the complaint reveals that this claim was frivolous. At the time the complaint was filed, plaintiffs knew that they had stipulated to the escrow of the funds, that Macatawa Bank and Mancinelli did not have access to the funds because they were held in escrow by the trial court, and that the funds had been returned. Further, plaintiffs did not even allege that the escrow of the funds created a debtor-creditor relationship between plaintiffs and Macatawa Bank or Mancinelli. Therefore, based on the facts known at the time the complaint was filed, the conversion claim against Macatawa Bank and Mancinelli was not grounded in fact or warranted by existing law, plaintiffs had no reasonable basis to believe that the facts underlying this claim were true, and their legal position in this claim was devoid of arguable legal merit.

Finally, Count VIII of plaintiffs' complaint alleged that Macatawa Bank and Mancinelli engaged in "egregious, willful, [and] wonton" conduct "in clear violation of the law and of the norms of society." Plaintiffs did not label this claim, but sought damages in excess of $1,000,000. Plaintiffs did not articulate any legal authority to support this claim at the hearing before the trial court. On appeal, plaintiffs make no effort to justify the claim, other than to argue that this claim, and others raised by plaintiffs, "speak for themselves." Contrary to plaintiffs' cursory assertions, Macatawa and Mancinelli's actions were not egregious, willful, and wanton merely because this Court reversed the trial court's garnishment order. This claim was not warranted by existing law and was devoid of arguable legal merit at the time it was filed.

In sum, based on the facts known at the time the complaint was filed, a reasonable inquiry would have revealed that the claims against Macatawa Bank and Mancinelli were not grounded in fact or warranted by existing law, and therefore were filed in violation of MCR 2.114(D). If a pleading is filed in violation of MCR 2.114(D), the party or attorney, or both, must be sanctioned, and this sanction may include reasonable attorney fees as well as costs pursuant to MCR 2.625(A). MCR 2.114(E) and (F). In addition, pursuant to MCL 600.2591(3)(a)(ii) and (iii), the claims against Macatawa Bank and Mancinelli were frivolous because plaintiffs had no reasonable basis to believe that the facts underlying these claims were true, and plaintiffs' legal position in these claims was devoid of arguable legal merit. MCL 600.2591(1) requires that once a trial court finds that a civil action was frivolous, the trial court must award the prevailing party costs and fees, and that these costs and fees must be assessed against the nonprevailing party *and* their attorney. Therefore, the trial court did not err when it found that the claims in the complaint were unfounded, that there was no basis in law or fact to bring these claims, and that sanctions were appropriate against plaintiffs and plaintiffs' counsel pursuant to MCR 2.114, MCR 2.625(A)(2) and MCL 600.2591.

---

[3] Counts IV, V, and VI of plaintiffs' complaint pertain to TD Ameritrade, Harding Energy, and Clow, and thus are not at issue in determining whether plaintiffs claims against Macatawa and Mancinelli were frivolous.

## IV.  ASSIGNMENT TO THE ORIGINAL TRIAL JUDGE AFTER APPEAL

After plaintiffs filed their complaint, the trial judge assigned to the matter reassigned the case to the judge who heard the earlier action.  Plaintiffs' statement of questions presented challenges that decision.  However, plaintiffs fail to brief this issue, and such failure is "tantamount to abandoning" the issue. *State Treasurer v Sprague*, 284 Mich App 235, 243; 772 NW2d 452 (2009).  Additionally, this order is beyond the scope of appeal as of right from the order granting sanctions, and we could decline to consider the matter.  To the extent we would even consider the issue, we would find it to be meritless.  See MCR 8.111(D)(2) (providing that "if an action arises out of the same transaction or occurrence as a civil action previously dismissed or transferred, the action must be assigned to the judge to whom the earlier action was assigned.").

## V.  VEXATIOUS APPEAL

Finally, Mancinelli and TD Ameritrade argue that plaintiffs' appeal is frivolous and request that this Court award them appellate sanctions.  "Sanctions requested for a vexatious appeal are governed by MCR 7.216(C)(1)." *The Meyer & Anna Prentis Family Foundation v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 60; 698 NW2d 900 (2005).  Pursuant to this court rule, this Court may assess actual and punitive damages for a vexatious appeal on the motion of a party or on its own initiative.  MCR 7.216(C)(1).  Pursuant to MCR 7.211(C)(8), a party's request for sanctions for a vexatious appeal must be contained in a motion that is filed separately from an appellate brief.  In the present case, neither Mancinelli nor TD Ameritrade filed a motion requesting sanctions separate from their appellate briefs.  Further, neither party cited appropriate legal authority to support an independent finding by this Court that sanctions are appropriate.  We deny Mancinelli and TD Ameritrade's requests for sanctions without prejudice to permit them to file an appropriate motion within 21 days after the date of this Court's opinion disposing of this appeal.  MCR 7.211(C)(8); *Barrow v Detroit Election Comm*, 305 Mich App 649, ____; ___ NW2d ____ (Docket Nos. 317540, 318683, 318828, issued June 17, 2014); slip op at 19.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro