DeKONING v DEPARTMENT OF TREASURY

Docket No. 161155. Submitted March 8, 1995, at Lansing. Decided June 2, 1995, at 9:45 A.M.

Arie A. DeKoning, a resident of the Netherlands, brought an action in the Court of Claims against the Department of Treasury, contesting the defendant's reduction of credits claimed by the plaintiff under the Farmland and Open Space Preservation Act, MCL 554.701 *et seq.*; MSA 26.1287(1) *et seq.*, against his Michigan income tax liability. The reduction in credits resulted from the defendant's addition of income earned by the plaintiff outside the United States to his gross income. The court, Thomas L. Brown, J., granted summary disposition for the plaintiff, determining that the Internal Revenue Code defines gross income for nonresident aliens to include only income from sources within the United States, 26 USC 872. The defendant appealed.

The Court of Appeals *held:*

Pursuant to MCL 540.710(1); MSA 26.1287(10)(1), the owner of farmland enrolled in the Michigan farmland preservation program is eligible for a credit against Michigan income tax liability for the amount by which property taxes on the land exceeds seven percent of the household income as defined in the state Income Tax Act. The state Income Tax Act defines "household income" as all income received by all persons of a household in a tax year while members of a household, MCL 206.508(4); MSA 7.557(1508)(4), and "income" as the sum of federal adjusted gross income, as defined in the Internal Revenue Code, plus all income specifically excluded or exempt from the computation of federal adjusted gross income, MCL 206.510(1); MSA 7.557(1510)(1). Income from sources outside the United States, as an exclusion from federal adjusted gross income, must be added to the federal adjusted gross income in calculating household income for purposes of the farmland preservation tax credit.

Reversed and remanded.

---

REFERENCES
Am Jur 2d, State and Local Taxation §§ 483, 549, 575.
See ALR Index under Taxes.

Taxation — Income Tax — Farmland Preservation Tax Credit —
Nonresident Aliens — Household Income — Income From
Sources Outside the United States.

Income earned by a nonresident alien from sources outside the
United States is part of the alien's household income for
purposes of determining the alien's eligibility for the Michigan
farmland preservation tax credit (MCL 206.508[4], 206.510[1],
540.710[1]; MSA 7.557[1508][4], 7.557[1510][1], 26.1287[10][1]; 26
USC 872).

*Foster, Swift, Collins & Smith, P.C.* (by *Louis K. Nigg*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Steven D. Hughey,* Assistant Attorneys General, for the defendant.

Before: Doctoroff, C.J., and Cavanagh and Smolenski, JJ.

Per Curiam. The trial court granted plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(9) and (10), ruling that plaintiff's worldwide income was excluded from consideration in his Michigan farmland preservation property tax credit. We granted leave to appeal, and we reverse.

Plaintiff was a resident of the Netherlands who owned farmland in Michigan.[1] In exchange for leaving some of this farmland undeveloped, plaintiff became eligible for a tax credit pursuant to the Farmland and Open Space Preservation Act, MCL 554.701 *et seq.*; MSA 26.1287(1) *et seq.* That act states, in relevant part:

(1) An owner of farmland and related buildings covered by a development rights agreement meet-

---

[1] Plaintiff Arie DeKoning died after this appeal was filed. We granted the motion to substitute Joris DeKoning, Arie's son and successor in interest, as plaintiff.

ing the requirements of this act who is required or eligible to file a return as an individual or a claimant under the state income tax act may claim a credit against the state income tax liability for the amount by which the property taxes on the land and structures used in the farming operation, including the homestead, restricted by the development rights agreement exceeds 7% of the household income as defined in Chapter 9 of the state income tax act, excluding any deduction if taken under section 613 of the internal revenue code. [MCL 540.710(1); MSA 26.1287(10)(1).]

The state Income Tax Act, MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.*, defines "household income" as all income received by all persons of a household in a tax year while members of a household. MCL 206.508(4); MSA 7.557(1508)(4). "Income" is defined as the sum of federal adjusted gross income as defined in the Internal Revenue Code, 26 USC 1 *et seq.*, plus all income specifically excluded or exempt from the computations of the federal adjusted gross income. MCL 206.510(1); MSA 7.557(1510)(1).

Neither party disputes that plaintiff was eligible for the farmland preservation tax credit. The parties disagree with regard to the amount of plaintiff's income that should be included in the calculation of his household income. MCL 540.710(1); MSA 26.1287(10)(1). Defendant argues that plaintiff's household income should include his worldwide income. Plaintiff maintains that "income" as defined in the Internal Revenue Code includes only income earned in the United States.

Because statutory interpretation is a question of law, we review the trial court's decision de novo. *Smeets v Genesee Co Clerk,* 193 Mich App 628, 633; 484 NW2d 770 (1992). Generally, tax laws are construed against the government. However, tax

exemption statutes are to be strictly construed in favor of the taxing unit. *Great Lakes Sales, Inc v State Tax Comm,* 194 Mich App 271, 276; 486 NW2d 367 (1992). Because the farmland preservation tax credit reduces the amount of tax imposed, we review this statute as an exemption provision.

Relying on 26 USC 872, the trial court ruled that the Internal Revenue Code defines gross income for nonresident aliens as including only income from sources within the United States. Therefore, plaintiff's household income, for purposes of the farmland preservation tax credit, should have included only his income earned in the United States. We disagree.

Section 872 of the Internal Revenue Code states:

> (a) General Rule—In the case of a nonresident alien individual, gross income *includes only*—
> (1) gross income which is derived from sources within the United States and which is not effectively connected with the conduct of a trade or business within the United States, and
> (2) gross income which is effectively connected with the conduct of a trade or business within the United States. [26 USC 872. Emphasis added.]

From the words "gross income includes," we can presume that the items not listed are excluded. The state Income Tax Act defines "income" as the sum of federal adjusted gross income as defined in the Internal Revenue Code *plus all income specifically excluded* or exempt from the computations of the federal adjusted gross income. MCL 206.510(1); MSA 7.557(1510)(1). As an exclusion from federal adjusted gross income, income from sources outside the United States should be added to the federal adjusted gross income to calculate household income under the state Income Tax Act.

Our interpretation is consistent with the pur-

pose of the farmland preservation tax credit. The credit is meant to encourage farmers to leave some of their land in a natural, undeveloped state. The credit was necessary because the pressures of urban and suburban development often resulted in property taxes so high that a farmer who wished to maintain the land in an undeveloped state could not afford to do so and was forced to sell his property for development. House Legislative Analysis, HB 4244, March 20, 1974.

If we assume, as the trial court did, that the only purpose of the farmland preservation tax credit is to encourage the preservation of farmland, then the restriction on the credit by the amount that property taxes exceed seven percent of household income would serve no purpose. This restriction is intended to assist low-income farmers who want to leave some of their land undeveloped. Including plaintiff's world-wide income in the calculation of household income would still promote this intent. Since plaintiff is not a low-income farmer, he would not need a large tax credit if he desired to keep some of his land undeveloped. We hold that, for purposes of the Farmland and Open Space Preservation Act, MCL 540.710(1); MSA 26.1287(10)(1), "household income" includes the taxpayer's world-wide income.

Because we hold that the trial court's ruling was erroneous, we reverse the grant of attorney's fees and costs. MCR 2.625(A).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.