MANSKE v DEPARTMENT OF TREASURY

Docket No. 250565. Submitted March 1, 2005, at Lansing. Decided March 17, 2005, at 9:05 a.m. Leave to appeal sought.

Craig Manske, Wolverine V LP, and others brought actions in the Court of Claims against the Department of Treasury related to the department's treatment for single business tax purposes of the gain that resulted from executing a deed in lieu of foreclosure on a loan. In its action, Wolverine, a limited partnership, sought a refund of tax and interest paid under protest after the department assessed a single business tax deficiency because Wolverine did not include the gain in its single business tax base. The court, William E. Collette, J., granted the department summary disposition. Wolverine appealed.

The Court of Appeals *held*:

The business activity from which a single business taxpayer's income, and consequently its single business tax base, is derived does not include a casual transaction as defined in MCL 208.4(1). Executing the deed in question, which extinguished Wolverine's business interest in the development of the property, was not a transaction ordinarily undertaken by Wolverine. Moreover, it was not incidental to Wolverine's regular business activity of establishing a hotel and business park. Therefore, executing the deed was a casual transaction and the resulting gain should not have been included in Wolverine's single business tax base.

Reversed and remanded for further proceedings.

TAXATION — SINGLE BUSINESS TAX — BUSINESS ACTIVITY — CASUAL TRANSACTION.

A transaction that is not ordinarily undertaken by a taxpayer and that is not incidental to the taxpayer's regular business activity is a casual transaction and is not a business activity for purposes of the Single Business Tax Act; a transaction that is not ordinarily undertaken by a taxpayer cannot be considered incidental to the taxpayer's regular business activity for purposes of the act when it is a major event or a significant act in a financial sense (MCL 208.4[1]).

*Honigman Miller Schwartz and Cohn LLP* (by *Patrick R. Van Tiflin* and *June Summers Haas*) for Wolverine V LP.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Bryan E. Kurtz*, Assistant Attorney General, for the Department of Treasury.

Before: HOEKSTRA, P.J., and NEFF and SCHUETTE, JJ.

PER CURIAM. Plaintiff Wolverine V LP appeals by right a Court of Claims opinion and order granting summary disposition to defendant under MCR 2.116(C)(8) and (C)(10).[1] This case arose when defendant assessed plaintiff a tax deficiency under the Single Business Tax Act (SBTA), MCL 208.1 *et seq.*, for plaintiff's failure to add to its single business tax (SBT) base a capital gain resulting from granting a deed in lieu of foreclosure. We reverse and remand. We do not retain jurisdiction.

### I. FACTS

The facts of his case are not disputed. On October 15, 2002, the parties filed a stipulation of facts with the trial court. In 1986, plaintiff obtained a construction loan to build a hotel in Novi, Michigan. In 1989, plaintiff combined the construction loan with an additional nonrecourse loan of $13,938,811 from CIGNA. Under the terms of the loan agreement, plaintiff's payments were applied to the principal of the loan, while interest was allowed to accrue in the amount of $6,427,136. Plaintiff is an accrual-method taxpayer and took federal income tax deductions for the interest as it

---

[1] This case will be decided under MCR 2.116(C)(8) because the matters at issue are questions of law only.

accrued in the years 1986 through 1992. Pursuant to MCL 208.9(4)(f), plaintiff added the accrued interest back to its SBT base for the years 1986 through 1992.

In 1992, plaintiff defaulted on the loan and executed a deed to the lender in lieu of foreclosure. Plaintiff's total amount of outstanding indebtedness was $12,964,083. On its federal income tax return for 1992, plaintiff reported the $4,712,480 gain realized as a result of the discharge of indebtedness.

Following an audit, defendant assessed plaintiff a tax deficiency of $110,777.82, including penalties and fees, for the 1992 tax year. Plaintiff paid the assessment under protest, and filed the instant suit for a refund, interest, and attorney fees. Defendant filed a motion for summary disposition, which the trial court granted. Plaintiff appeals by right.

## II. CASUAL TRANSACTION

Plaintiff argues that, under the facts of this case, the grant of a deed in lieu of foreclosure qualified as a casual transaction under the SBTA, and the resulting gain should not have been included in plaintiff's SBT base for 1992. We agree.

### A. STANDARD OF REVIEW

This Court reviews de novo the issue of statutory interpretation because it is a question of law. *Michigan Automotive Research Corp v Dep't of Treasury (After Remand)*, 222 Mich App 227, 231; 564 NW2d 503 (1997). Review de novo is also appropriate because the Court of Claims decided this issue on plaintiff's motion for summary disposition. *Westfield Cos v Grand Valley Health Plan*, 224 Mich App 385, 387-388; 568 NW2d 854 (1997).

## B. ANALYSIS

The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). The intent of the Legislature is discerned from the plain language of the statute. *Id.* If the statute is unambiguous, this Court presumes that the Legislature intended the meaning plainly expressed, and further judicial construction is neither permitted nor required. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000). When a plain reading of a statute yields more than one reasonable meaning, judicial interpretation is appropriate. *Heinz v Chicago Rd Investment Co*, 216 Mich App 289, 295; 549 NW2d 47 (1996). If a term is not defined by the statute, it is appropriate to consult a dictionary for definitions of statutory terms. *Peters v Gunnell, Inc*, 253 Mich App 211, 220; 655 NW2d 582 (2002). In general, tax laws are construed against the government. *DeKoning v Dep't of Treasury*, 211 Mich App 359, 361; 536 NW2d 231 (1995). However, tax exemption statutes are strictly construed in favor of the government. *Elias Bros Restaurants, Inc v Dep't of Treasury*, 452 Mich 144, 150; 549 NW2d 837 (1996).

We will not review MCL 208.4(1) as an exemption statute because it does not reduce the amount of the SBT imposed. See *DeKoning, supra* at 362. Rather, by definition it prevents certain transactions from being included in the amount of the taxpayer's SBT base in the first place. If the transaction is not initially taxed, then it cannot be said that the exclusion of the transaction from consideration reduces the amount of the tax. Thus, MCL 208.4(1) will be construed against the government. *DeKoning, supra* at 361.

The SBT is a tax on the privilege of doing business in Michigan. MCL 208.31(3); *Consumers Power Co v Dep't of Treasury*, 235 Mich App 380, 381; 597 NW2d 274 (1999). The tax is on the value a business has added to the economy, as opposed to an income tax, which taxes that which a business has derived from the economy. *Id.*

A person's tax base is defined in pertinent part as "business income." See MCL 208.9. "For a partnership, *business income* includes payments and items of income and expense which are attributable to *business activity* of the partnership and separately reported to the partners." MCL 208.3(3) (emphasis added). The SBTA defines "business activity" as follows:

> "Business activity" means a transfer of legal or equitable title to or rental of property, whether real, personal, or mixed, tangible or intangible, or the performance of services, or a combination thereof, made or engaged in, or caused to be made or engaged in, within this state, whether in intrastate, interstate, or foreign commerce, with the object of gain, benefit, or advantage, whether direct or indirect, to the taxpayer or to others, *but shall not include* the services rendered by an employee to his employer, services as a director of a corporation, *or a casual transaction*. Although an activity of a taxpayer may be incidental to another or other of his business activities, each activity shall be considered to be business engaged in within the meaning of this act. [MCL 208.3(2) (emphasis added).]

The SBTA defines a "casual transaction" as follows:

> "Casual transaction" means a transaction made or engaged in other than in the ordinary course of repeated and successive transactions of a like character, except that a transaction made or engaged in by a person that is incidental to that person's regular business activity is a business activity within the meaning of this act. [MCL 208.4(1).]

The parties have framed the issue on appeal as focusing on whether the transaction at issue was "incidental to" plaintiff's regular business activity. The trial court framed the question before it this way: "The issue in this case is whether Plaintiff's transfer of the deed . . . was a casual transaction, and as such, statutorily excluded from Plaintiff's SBT base." The court answered this question in the negative. Specifically, the court found "that the transfer of the deed was part of Plaintiff's regular business activity . . . ." In other words, it was not a casual transaction at all. Rather, it qualified as a business activity under MCL 208.3(2), and thus produced business income for purposes of calculating plaintiff's tax base. MCL 208.9.

The trial court erred by not focusing on the characteristics of this specific transaction. The court identified "the securing of real estate" as being "[a] fundamental cornerstone" of plaintiff's business. The plain language of MCL 208.4(1) first focuses on the nature of a specific transaction and whether it relates to "repeated and successive transactions of a like character . . . ." Second, MCL 208.4(1) contains an exception that would deem a transaction not to be "casual" if the transaction is incidental to a person's business activity.

Plaintiff argues that granting the deed in lieu of foreclosure was a casual transaction under the SBTA, and the resulting gain is thus not includable in its SBT base for 1992 pursuant to MCL 208.3(2). There is no dispute between the parties that granting a deed in lieu of foreclosure was not a transaction ordinarily undertaken by plaintiff. Plaintiff states in its brief on appeal that giving the "deed in lieu of foreclosure was a one-time transaction," and defendant has not challenged this assertion. This case turns on the exception clause within MCL 208.4(1), i.e., whether the transac-

tion was "incidental to" plaintiff's "regular business activity." The SBTA does not define the terms "incidental," "incidental to," and "regular business activity."

"When determining the common, ordinary meaning of a word or phrase, consulting a dictionary is appropriate." *Title Office, Inc v Van Buren Co Treasurer*, 469 Mich 516, 522; 676 NW2d 207 (2004). Black's Law Dictionary (7th ed) defines "incidental" to mean: "Subordinate to something of greater importance; having a minor role . . . ." *The American Heritage Dictionary, Second College Edition* (1982) defines "incidental" as follows: "Occurring or likely to occur as an unpredictable or minor concomitant . . . . Of a minor, casual, or subordinate nature . . . . A minor concomitant circumstance, event, item, or expense."

In this case, whatever dictionary one might use to define the word "incidental," the granting of a deed in lieu of a foreclosure—relinquishing plaintiff's property rights—cannot be considered "minor" or a "minor concomitant circumstance, event, item, or expense" or "subordinate to something of greater importance; having a minor role." Transferring plaintiff's ownership interest was a major event, a significant act in a financial sense that extinguished plaintiff's business interest in the development in question.

The parties specifically stipulated that "[p]laintiff's sole business activity was the establishment and operation of a hotel and business park . . . ." Granting a deed in lieu of foreclosure was not incidental to such activity. Indeed, it is the antithesis of establishing and operating a hotel. The trial court erred when it reasoned that the "subsequent relinquishment of rights in property . . . was as much a part of Plaintiff's business venture as the initial acquisition." The trial court erred by determining that plaintiff's granting a deed in lieu of foreclo-

sures was not a casual transaction as defined in MCL 208.4(1). The resulting gain should not have been included in plaintiff's SBT base for 1992. Therefore, the grant of summary disposition is reversed.

Given our decision that summary disposition in favor of defendant was improper, we decline to address plaintiff's other two issues on appeal.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.