MANSKE v DEPARTMENT OF TREASURY

Docket No. 281988. Submitted February 4, 2009, at Lansing. Decided February 17, 2009, at 9:00 a.m. Leave to appeal sought.

Craig Manske, Wolverine V LP, and others brought actions in the Court of Claims against the Department of Treasury disputing the department's treatment for single business tax purposes of the gain that resulted from executing a deed in lieu of foreclosure on a loan. Wolverine sought a refund of taxes and interest paid under protest after the department assessed a single business tax deficiency because Wolverine did not include the gain in its single business tax base. The Court of Claims, William E. Collette, J., granted the department summary disposition. Wolverine appealed, alleging, in part, that the execution of the deed was a casual transaction and the resulting gain should not have been included in its single business tax base. The Court of Appeals, HOEKSTRA, P.J., and NEFF and SCHUETTE, JJ., agreed and reversed and remanded for further proceedings consistent with its opinion. The Court also declined to address two other issues raised by Wolverine on appeal. 265 Mich App 455 (2005). On remand, the Court of Claims disagreed with the department's assertion that it could offset a refund for the tax improperly collected by the amount of the unused capital acquisition deduction (CAD) granted for the same property and held that it was bound by the law of the case doctrine to order a full refund without an offset to recapture any unused CAD as a matter of law. The department appealed.

The Court of Appeals *held*:

1. The prior panel of the Court of Appeals did not directly or by implication hold that the defendant could not offset the refund by the amount of the unused CAD. The Court of Claims erred in concluding otherwise.

2. The Single Business Tax Act does not provide that adjustment for CAD recapture does not apply to a transfer that qualifies as a casual transaction. The CAD recapture provisions apply to the transfer at issue in this case. Wolverine did receive some benefit from giving the deed in lieu of foreclosure, a CAD triggering event.

Reversed and remanded for further proceedings.

TAXATION — SINGLE BUSINESS TAX — DEDUCTIONS — CAPITAL ACQUISITION
    DEDUCTIONS — CASUAL TRANSACTIONS.

> The Single Business Tax Act allows a taxpayer a full deduction for
> the cost of an asset in the year of acquisition, and the taxpayer
> must make an adjustment to its tax base in subsequent years to
> reflect the depreciation for that year; if the asset is transferred
> before it is fully depreciated, the unused portion of the capital
> acquisition deduction must be recaptured; adjustments for recap-
> ture of capital acquisition deductions apply to a transfer that
> qualifies as a casual transaction (MCL 208.4[1], 208.9[4],
> 208.23[a], 208.23b[a]).

*Honigman Miller Schwartz and Cohn, LLP* (by
*Patrick R. Van Tiflin, Daniel L. Stanley,* and *Brian T.
Quinn*), for Wolverine V LP.

*Michael A. Cox,* Attorney General, *B. Eric Restuccia,*
Solicitor General, and *Michael R. Bell,* Assistant Attor-
ney General, for the Department of Treasury.

Before: SAWYER, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM. In this dispute over the proper applica-
tion of the Single Business Tax Act (SBTA), MCL 208.1
*et seq.*,[1] defendant Department of Treasury (the Depart-
ment) appeals as of right the Court of Claims decision
and order compelling the Department to refund plain-
tiff Wolverine V LP $146,220 in taxes plus interest. On
appeal, we must determine whether the Court of Claims
correctly concluded that it was bound by this Court's
prior decision in the same case under the law of the case
doctrine. Specifically, we must determine whether the
previous panel of this Court impliedly determined that
the Department could not offset a refund for tax im-
properly collected on the gain from a casual property
transfer by the amount of the unused capital acquisi-

---

[1] The Legislature repealed the SBTA for tax years beginning after
December 31, 2007. See 2006 PA 325; see also MCL 208.151(a).

tion deduction (CAD) granted for the same property. Because the prior panel of this Court did not impliedly make such a determination, the Court of Claims erred when it concluded that it had to deny the Department's request for an offset under the law of the case doctrine. Further, we conclude that the Department was entitled to recapture the unused CAD as a matter of law. For these reasons, we reverse the Court of Claims order and remand for further proceedings consistent with this opinion.

I. FACTS AND PROCEDURAL HISTORY

In a prior appeal in this Court, Wolverine argued that the Department wrongfully assessed a tax deficiency against it when it included the gain on real property transferred in lieu of foreclosure. *Manske v Dep't of Treasury*, 265 Mich App 455, 456-457; 695 NW2d 92 (2005). Wolverine argued that the transfer constituted a "casual" transaction under the SBTA, see MCL 208.4(1), and, as a result, the gain from that transaction could not be included in Wolverine's single business tax (SBT) base. *Manske*, 265 Mich App at 457. This Court concluded that the transfer at issue clearly qualified as a casual transaction under MCL 208.4(1) and that the "resulting gain should not have been included in [Wolverine's] SBT base for 1992." *Manske*, 265 Mich App at 462. For this reason, the Court reversed the Court of Claims grant of summary disposition in favor of the Department and remanded the case for further proceedings.

On remand, the Department refused to agree to a final judgment. As a result, Wolverine moved for summary disposition and asked the Court of Claims to order the Department to pay a refund. The Department acknowledged that this Court had determined that the

real estate transfer was a casual transaction that should not have been included in Wolverine's SBT base, but noted that this Court did not directly address whether the Department was entitled to recapture the unused CAD granted for the same property. The Department argued that it should be permitted to offset this amount against the total refund.

The Court of Claims disagreed. The Court of Claims reasoned that this Court could have addressed the question regarding CAD and setoff, but chose not to. The Court of Claims noted that this Court typically will rule on only one issue when it feels that that issue will resolve all questions. For this reason, the Court of Claims concluded that it was bound by the law of the case doctrine to order a full refund without an offset for the recapture of any unused CAD.

## II. LAW OF THE CASE

We review de novo a determination whether the law of the case doctrine applies. *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001). The law of the case doctrine generally provides that a question of law decided by an appellate court will not be decided differently on remand or in a subsequent appeal in the same case. *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000).

In the previous appeal, this Court determined that, under the facts of the case, Wolverine's transfer of the property at issue was a casual transaction. For this reason, the Court concluded that the gain on the property should not have been included in Wolverine's SBT base. This Court did not directly address whether Wolverine was improperly assessed $8,251,603 for the unused CAD associated with the property. Instead, the Court noted that the Court of Claims erred when it

granted summary disposition in favor of the Department and remanded the case for further proceedings. This Court's decision to remand the case without addressing the CAD issue does not suggest that this Court concluded that the CAD recapture provisions of the SBT did not apply to casual transactions. Indeed, had the Court determined that the CAD recapture provisions did not apply to casual transactions, the Court could have stated as much and reversed and remanded for entry of a judgment in favor of Wolverine. Instead, the Court apparently chose to let the Court of Claims determine whether the CAD recapture provisions apply to casual transactions. Thus, under the law of the case doctrine, the Court of Claims had to treat the transfer as a casual transaction, but it could still appropriately consider the proper treatment of the CAD recapture provisions. Therefore, the Court of Claims was not bound to hold that the CAD recapture provisions of the SBT did not apply to a property that is ultimately transferred under a casual transaction.

### III. UNUSED CAD RECAPTURE

The Department next argues that Wolverine was still obligated to repay any unused CAD for the property at issue even though the ultimate transfer qualified as a casual transaction. We review de novo both a trial court's decision on a motion for summary disposition and the proper interpretation of a statute. *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003); *In re MCI Telecom Complaint*, 460 Mich 396, 413; 596 NW2d 164 (1999).

The dispute in this case is whether Wolverine had to make an adjustment to its SBT adjusted taxable base to include depreciation recapture under MCL 208.9(4).

Under MCL 208.23(a), a taxpayer was allowed a full deduction for the cost of an asset in the year of acquisition:

> After allocation as provided in section 40 or apportionment as provided in section 41, the tax base shall be adjusted by the following:
>
> (a) For a tax year ending before March 31, 1991 for which subdivision (c) is not in effect, deduct the cost, including fabrication and installation, paid or accrued in the taxable year of tangible assets of a type that are, or under the internal revenue code will become, eligible for depreciation, amortization, or accelerated capital cost recovery for federal income tax purposes excluding costs of assets that are defined in section 1250 of the internal revenue code.

After taking this deduction in the first year, the taxpayer was expected to make an adjustment to its tax base in subsequent years to reflect the depreciation for that year. See MCL 208.9(4)(c). If the property was transferred before it was fully depreciated, the unused portion of the CAD must be "recaptured":

> After allocation as provided in section 40 or apportionment as provided in section 41, the tax base shall be adjusted by the following:
>
> (a) If the cost of an asset was paid or accrued in a tax year ending before March 31, 1991 . . . add the gross proceeds or benefit derived from the sale or other disposition of the tangible assets described in section 23(a) minus the gain and plus the loss from the sale reflected in federal taxable income and minus the gain from the sale or other disposition added to the tax base in [MCL 208.9(6)]. This addition shall be multiplied by a fraction, the numerator of which is the payroll factor plus the property factor and the denominator of which is 2. [MCL 208.23b(a).]

Nothing in the provisions of MCL 208.23b(a) suggests that the adjustments for CAD recapture do not apply to

transfers that qualify as a casual transaction. And this Court will not read such an exception into the statute. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). Therefore, the CAD recapture provisions apply to the transfer at issue here.

Nevertheless, Wolverine argues that it did not experience a CAD triggering event, because it did not receive proceeds from the disposition of the property and did not receive a benefit from giving the deed in lieu of foreclosure. Although Wolverine did not receive cash, it clearly received a benefit. Wolverine was liable for a debt of $12,964,083 on a property with an adjusted basis of $8,251,603. By avoiding foreclosure, Wolverine reduced its overall liability and saved the expenses associated with foreclosure. Thus, despite the fact that Wolverine lost its sole asset and went out of business, it still received some benefit from the transfer.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.