*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

FREDERICK JONES and ODETTE JONES,

        Petitioners-Appellants,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES and GENESEE COUNTY
DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

        Respondents-Appellees.

UNPUBLISHED
May 19, 2022

No. 357547
Genesee Circuit Court
LC No. 20-114163-AA

---

Before: LETICA, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Petitioners, Frederick Jones and Odette Jones, appeal as of right the circuit court's opinion and order affirming the decision of an administrative law judge (ALJ) dismissing petitioners' request for a hearing regarding the decision of respondents, the Department of Health and Human Services (DHHS) and Genesee County DHHS, denying petitioners' request for an adoption support subsidy for their now adopted child, AJ, for whom an order of adoption was entered in April 2009. We remand to the circuit court for review of the ALJ's determination on the issue for which this Court previously remanded; that is, whether petitioners, not later than July 23, 2009, filed a request for a hearing before an ALJ.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case was previously before this Court. *Jones v DHHS*, unpublished per curiam opinion of the Court of Appeals, issued April 16, 2019 (Docket No. 339080). The facts are set forth in this Court's opinion, as follows:

-1-

This case arises from respondents' denial of petitioners' request for a "Title IV-E" adoption support subsidy for AJ.[1]  Ultimately, DHHS determined that petitioners failed to timely appeal the denial to an administrative law judge (ALJ), and dismissed the case.  Petitioners appealed the dismissal to the probate court, which adopted findings made by the ALJ that their appeal was untimely and thus affirmed the dismissal.

In October 2008, respondents sent petitioners notice that respondents had denied their request for an adoption support subsidy for AJ.  That notice informed petitioners that if they legally adopted AJ and believed "that the decision to deny [the] Adoption Support Subsidy/Nonrecurring Adoption Expenses was contrary to law or Department policy," then petitioners had "a right to request an administrative hearing only **after** the Order Placing Child (PCA 320) [is] signed by [a] Family Court judge."  According to the notice, petitioners' request for an appeal was required to "be made in writing, signed by [petitioners], and received" by DHHS "within 90 days of the date of the judge's signature on the PCA 320."  The denial

---

[1] This Court noted that

"Title IV-E" refers to subchapter IV, part E, of the United States Social Security Act, 42 USC 670 *et seq*.  As explained by the Michigan Supreme Court, "Title IV-E establishes federal funding to support state foster care systems and conditions funding on compliance with federal requirements." *In re Rood*, 483 Mich 73, 102; 763 NW2d 587 (2009).  One of the federal requirements for funding is that a state "shall have a plan approved by the Secretary [of the United States Department of Health and Human Services]" that "provides for granting an opportunity for a fair hearing before the State agency to any individual whose claim for benefits available pursuant to this part is denied or is not acted upon with reasonable promptness." 42 USC 671(a)(12).

DHHS "may pay a support subsidy to an adoptive parent of an adoptee who is placed in the home of the adoptive parent under the adoption code or under the adoption laws of another state or a tribal government" if certain requirements are met.  MCL 400.115g.  Relatedly, "[a]n adoptee, the adoptee's guardian, or the adoptive parent or parents may appeal a determination of the department made under this act," and that appeal "shall be conducted pursuant to the administrative procedures act of 1969 [ (the APA) ], Act No. 306 of the Public Acts of 1969, being sections 24.201 to 24.328 of the Michigan Compiled Laws," i.e., MCL 24.201 to MCL 24.328.  MCL 400.115k(1).  MCL 400.115k(1)(a) also provides, in relevant part, that an "appeal brought pursuant to chapter 6 of Act No. 306 of the Public Acts of 1969," i.e., MCL 24.301 to MCL 24.306, "shall be heard . . . by the probate court for the county in which the petition for adoption was filed or the county in which the adoptee is found" when the adoptee resides in Michigan. [*Jones*, unpub op at 2 n 2.]

of benefits in October 2008, however, was not appealable at that time, as the judge had not yet signed the PCA 320.

After a delay of approximately six months, on April 24, 2009, the Genesee Circuit Court Family Division signed an "order placing child after consent," i.e., a "PCA 320" order, pertaining to AJ, and later that month, the circuit court entered an order of adoption that made petitioners AJ's legal parents. Thus, in order to meet the 90-day period for seeking a hearing before an ALJ, petitioners were required to appeal not later than July 23, 2009.

What occurred next is disputed. DHHS asserts that approximately ten months later, in February 2010, it received a letter from petitioners, wherein petitioners requested "Title IV-E adoption assistance, Medicaid, and an administrative hearing for" AJ, whom petitioners noted had "several severe handicaps, including Fetal Alcohol Syndrome," because petitioners "did not learn of [their] rights under Title IV-E until after her adoption had been finalized," and also due to petitioners' belief that AJ "was wrongly denied adoption assistance and Medicaid." However, the record contains two documents, produced by petitioners, on DHHS Form 1605 (entitled "Notice of Case Action"), purportedly signed by them and dated May 10, 2009, over a signature block which states "Sign to Request a Hearing." The documents appear to be identical, except that one is signed by Petitioner Frederick Jones and the other is signed by his wife, Petitioner Odette Jones. In addition, the record contains a "Visitor Sign in Log" for the Flint State Office Building, dated May 5, 2009. A copy of the entries for visitors number 214 and 215 for that date show Frederick Jones and Odette Jones signing in at 11:10 a.m. Hand-written notes on the sheet, presumably from petitioners, state "Date when we were advised of un-announced adoption held 24, 30 Apr. 09."[2]

Respondents moved to dismiss the request for a hearing before an ALJ as untimely. Respondents argued that petitioners had not filed their appeal by July 23, 2009; specifically, respondents asserted that petitioners did not file their request until February 10, 2010, well beyond the 90-day period. The ALJ agreed that petitioners did not file an appeal until February 10, 2010, and consequently recommended that the appeal be dismissed.

Rather than litigate the ALJ's recommendation that its appeal be dismissed, petitioners filed a lawsuit in United States District Court, alleging deprivation of their constitutional rights. That lawsuit ultimately resolved unfavorably to petitioners. Once the federal court lawsuit concluded, petitioners sought relief in these proceedings. On October 30, 2015, petitioners filed a request for a hearing with the Genesee County Department of Health and Human Services. Ultimately, another ALJ recommended that the decision of the previous ALJ to dismiss the

---

[2] This Court noted that "[t]he order placing child after consent, Form PCA 320 was signed on April 24, 2009, and entered on the docket on April 30. Presumably, those are the events to which the notes refer." *Jones*, unpub op at 3 n 3.

appeal should be reaffirmed. The recommendation to dismiss was accepted by the Director of the Department of Health and Human Services and the Genesee County Probate Court. Petitioners now appeal from the ruling of the Probate Court. [*Jones*, unpub op at 2-3 (emphasis in original).]

The issue presented in the administrative hearing was whether, after the October 2008 denial of their application for benefits and the April 2009 signing of the PCA 320 order, petitioners timely requested a hearing before the ALJ—the threshold issue as to whether the ALJ had jurisdiction to hear the case. *Jones*, unpub op at 4. The ALJ had acknowledged that "[t]he sole purpose of today's hearing is to entertain oral argument for the pending motion to dismiss that has been filed in this matter," and not " to take testimony." *Jones*, unpub op at 4. Petitioners had laid out their position as to a number of factual questions: "(1) that the DHHS-1605 Forms had been given to petitioners by DHHS employees in May 2009; (2) that petitioners had filled out and then hand-delivered those forms; and (3) that the forms thus constituted timely and valid requests for a hearing before the ALJ." *Jones*, unpub op at 4. Despite the ALJ's acknowledgment that the parties' briefs offered very different statements of fact, the ALJ made factual findings when it found that petitioners " 'failed to request a hearing concerning the adoption support subsidy matter within 90 days[,]' " without giving petitioners the opportunity to testify, to offer their documentary evidence, and to present any other evidence in support of their position that they timely requested a hearing. *Jones*, unpub op at 4-5.

This Court held that the ALJ's failure to hold a full hearing and to weigh the evidence and, if necessary, make credibility determinations of the witnesses involved, violated petitioners' due-process rights and DHHS's rules regarding ALJ hearings. *Jones*, unpub op at 5-6. The "probate court made the same error in its order affirming DHHS's dismissal of the appeal when the probate court ruled that petitioners 'did not sufficiently demonstrate any of the conditions described in MCL 24.306.' "[3] *Jones*, unpub op at 6. This Court stated, "That conclusion is invalid as a matter of law given that the ALJ denied petitioners the opportunity to demonstrate such conditions and that such denial constituted a deprivation of petitioners' due process rights." *Id*.

This Court also addressed respondents' additional argument that petitioners' request for a hearing was invalid, even if timely made, because "in order to be valid, a request for hearing must make specific reference to the specific type of benefit at issue and that the DHHS-1605 Forms do not do so" because the forms related only to requests for Medicaid. *Jones*, unpub op at 6. Respondents' denial of petitioners' request for an adoption subsidy was made by letter dated September 12, 2008, which stated that petitioners' request for appeal " 'must be made in writing, signed by you and received in our office within 90 days of the date of the judge's signature on the PCA 320 MCL 400.115f.' " *Jones*, unpub op at 6. This Court stated that:

> there is no particular form or language which the letter states that the notice must contain, other than that it be in writing and signed, which the 1605 Forms most certainly are. The 1605 Forms mostly are pre-printed. The forms contain a printed

---

[3] This Court noted that "MCL 24.306(1) explicitly provides that its scope of review does not apply 'when a statute or the constitution provides for a different scope of review.' Here, the constitutional due process standard applies, not MCL 24.306." *Jones*, unpub op at 6.

case number, suggesting it was placed on the form by DHHS. The pre-printed language states, "Complete this section only if you want to request an Administrative Hearing. I request a hearing for _____. I wish to request a hearing because I disagree with the action by the Department of Human Services or think it is incorrect." In the blank, petitioners had written "Medicaid and all programs to help her condition." Thus, by pre-printing the forms with language which states that a petitioner disagrees with the action taken by DHHS or thinks it was incorrect, the Department presumably drafted the forms to set forth as much information as it deemed necessary to properly launch the hearing process. The denial letter also cites MCL 400.115f when it recites that the appeal period is 90 days, and that any request for appeal must be in writing. However, MCL 400.114f, a portion of the Social Welfare Act of 1939, as amended, constitutes a definitional section, wherein none of the definitions relates in any way to a request for appeal, and simply put, none of the definitions has anything to do with appellate rights. [*Jones*, unpub op at 6-7.]

This Court advised that even if the DHHS 1605 form was not the correct form to use, the court would have to examine the Michigan Office of Administrative Hearings and Rules, Administrative Hearing Rules, Mich Admin Code, R 792.11405, which governs appeals to ALJs in all agencies. *Jones*, unpub op at 7. Rule 1405(1) provides that an appeal to an ALJ "shall be filed pursuant to . . . MCL 421.1 to 421.75," and Rule 1405(2) provides that "[a]ppeal forms for administrative law judge hearings and rehearings shall be available at all agency offices." This Court said that the form specifically applicable to DHHS—DHS-18—uses language almost identical with the 1605 form and that "the request need only be in writing and signed." *Jones*, unpub op at 8. This Court rejected the contention that the 1605 forms, if timely filed, were inadequate as a matter of law to trigger an appeal to an ALJ. *Jones*, unpub op at 8.

This Court then reversed the order of the probate court and remanded the case to the ALJ:

to create a factual record and determine whether petitioners, not later than July 23, 2009, filed written and signed requests for a hearing before an ALJ. If on remand the ALJ determines that petitioners did not make such requests, he must again dismiss the case, and petitioners will have appellate rights to review that decision. If the ALJ finds that petitioners did timely request a hearing, then he must conduct proceedings consistent with this opinion on the merits of their claim for the adoption subsidy. [*Jones*, unpub op at 8.]

The narrow issue on remand was whether petitioners' request for an administrative hearing was filed not later than July 23, 2009. Petitioner Frederick Jones testified that he took AJ to a medical appointment on May 5, 2009, and AJ's Medicaid was denied. Frederick Jones said that petitioners went to the DHHS office building on the same day to find out why AJ's Medicaid had been denied. The foster care worker's supervisor told petitioners that the probate court had signed an order of adoption and that the case had been assigned to adoption worker Erin Deering. Frederick Jones asked the supervisor about establishing a "temporary bridge" until he could obtain medical insurance for AJ. The supervisor said that if petitioners wanted to appeal the Medicaid denial they could obtain a form to request a review hearing from "the McCree Building." According to Jones, petitioners went to the McCree building on May 10, 2009, and told the

receptionist at the lobby window that they were there to request a hearing form. The receptionist gave petitioners two identical 1605 forms that had AJ's name printed in the top left corner and a notice date of April 28, 2009. The 1605 forms produced by petitioners as exhibits 9 and 10 consisted of one page that was numbered "page 5 of 6" at the bottom. The 1605 forms contained a section with an instruction to "complete this section only if you want to request an administrative hearing." The 1605 forms contained a statement that said, "I request a hearing for" and provided a blank line. On the blank line of both 1605 forms Jones wrote, "Medicaid and all programs to help her condition."[4] Frederick Jones signed one 1605 form and Odette Jones signed the other 1605 form while at the McCree building. The forms were given to the receptionist, who made a copy of each 1605 form and provided the copies to petitioners.[5]

Respondents produced exhibit T, a four-page document entitled "Notice of Case Action" dated April 28, 2009, and addressed to AJ at petitioners' address. The notice provided, "We have reviewed your application or case. The actions that affect your cases are labeled in this notice." The notice provided that AJ's benefits under the Medicaid program were closed as of May 1, 2009. The notice further provided: "If you have any questions about this scheduled change, please contact your specialist listed on the first page of this notice." The specialist listed was Erin Deering. The notice also provided, "Your right to request a hearing is explained on the last page of this notice." Frederick Jones said that he recognized the last page of exhibit T, which was labeled "page 4 of 4" at the bottom, because it was similar to the 1605 form that petitioners were given at the McCree building. He denied having ever seen the remainder of exhibit T. Frederick Jones denied receiving a copy of exhibit T in the mail. He acknowledged that the 1605 forms provided at the McCree building and exhibit T each contained the same case number and notice date of April 28, 2009, in the corner. The forms differed, however, in that the 1605 forms provided at the McCree building were labeled "page 5 of 6" at the bottom, and the 1605 form in the exhibit T was labeled "page 4 of 4" at the bottom.

Frederick Jones said that respondents did not respond to the May 10, 2009 hearing request. Petitioners contacted the adoption subsidy office by phone on January 27, 2010, and spoke with Pedro Alvarez. Frederick Jones told Alvarez that he had submitted a request for hearing to the local DHHS office on May 10, 2009. Alvarez instructed Frederick Jones to request a hearing. Petitioners sent a February 10, 2010 letter to the adoption support subsidy unit requesting an administrative hearing for "Title IV-E adoption assistance" and for Medicaid, but did not attach a copy of the May 10, 2009 hearing request to the letter. The manager of the DHHS adoption subsidy unit testified that the unit did not receive a request for an administrative hearing regarding the September 12, 2008 denial of petitioners' request for an adoption support subsidy until it received petitioners' February 10, 2010 letter. Petitioners' case file, which spanned 10 years, did not contain the May 10, 2009 forms produced by petitioners at the evidentiary hearing.

On December 23, 2019, the ALJ issued a recommended hearing decision to grant respondents' motion to dismiss. The ALJ determined that petitioners provided insufficient

---

[4] Frederick Jones said that he did not specify "adoption subsidy" on the 1605 form because "there was no room."

[5] Frederick Jones said that petitioners did not send the copies to the adoption subsidy unit.

evidence to establish that a request for hearing for adoption support subsidy was filed on May 10, 2009, and not later than July 23, 2009, and therefore dismissed petitioners' hearing request for lack of jurisdiction. The ALJ found, in relevant part:

On September 12, 2008, Petitioners' [sic] were issued a Notice of Adoption Support Subsidy/Nonrecurring Adoption Expense Denial and Right to Appeal explaining their request for Adoption Subsidy was denied, but that if Petitioners' [sic] legally adopted the child in their care then they could appeal within 90 days of the date of adoption. This Notice gave an address where Petitioners' [sic] were instructed to send the appeal. Petitioners' [sic] ignored the instructions provided in the September 12, 2018 [sic], Notice of Denial. They ignored the deadline and the instructions regarding where to send the appeal.

Petitioners' [sic] signed an acknowledgement on October 6, 2008, confirming that they received a copy of the denial letter. (DHS-1343-A) Petitioners' [sic] were on notice that once their adoption was finalized, they had 90 days to appeal the denial and they were required to appeal by submitting a written request to Adoption Subsidy Program Manager, Adoption Subsidy Unit, Michigan DHS, P.O. Box 30037, Suite 412, Lansing, Michigan 48909. (Department Ex. B)

Petitioner, Frederick Jones, testified at the motion hearing that he submitted a form to DHHS Genesee County McCree Office on May 10, 2009, that read as follows[,] I request a hearing for Medicaid and all programs to help her condition". (Pet. Ex. 9) The form that Petitioner submitted is part of a Notice of Case Action (DHS 1605) issued by the Department regarding a benefits determination. The McCree DHHS office had workers and hearing rooms at the time who administered DHHS benefit matters. The Adoption Subsidy office was a separate DHHS office in Genesee County. Petitioner testified that he was instructed to go to the McCree Office, and it was his intention to request a hearing regarding Medicaid and Adoption Subsidy. Petitioner, Frederick Jones'[s] testimony regarding filing a request for hearing for adoption subsidy on May 10, 2009 at the DHHS Genesee County McCree Office was not credible. What appears to have happened is that Petitioner realized that his February 12, 2010, request for hearing was untimely and went through his paperwork and found the May 10, 2009, Medicaid request for hearing which included a catch all phrase for "all programs" and submitted that because he believed it gave him a plausible argument that he intended to appeal the adoption subsidy denial. However, that argument is not plausible based on what is stated in the request and the timing of when it was submitted.

Petitioner's [sic] request for hearing filed on May 10, 2009, was inadequate to request a hearing for adoption subsidy because it did not state with sufficient clarity that Petitioners' [sic] were appealing the denial of the adoption subsidy. "All other programs to help her condition" is not clear or direct enough to encompass adoption subsidy. "All other programs" is not the name of a program. Petitioners' [sic] also failed to present sufficient proof that the May 10, 2009 [hearing request] was submitted to the McCree Genesee County Department on that date. There was no date stamp on the request for hearing. In addition, it should be noted that the

McCree Genesee County DHHS Office is not where Petitioners' [sic] were instructed to appeal in the September 2008 denial notice. Petitioners' [sic] also did not provide a log sheet confirming their appearance at the McCree office on May 10, 2009. Petitioners' [sic] also did not provide proof that they were granted a Medicaid hearing based on the May 10, 2009, purported request. The Department pointed out that Petitioners' [sic] did not attach the May 10, 2009, purported request for hearing when they ultimately requested an adoption subsidy hearing on February 16, 2010, despite being instructed to provide information in a phone call with Pedro Alvarez on January 27, 2010. (Department Exhibit A, p. 8) The fact that Petitioners' [sic] did not request another hearing regarding adoption subsidy for a period of eight months also bolsters the Department argument that Petitioners' [sic] did not intend to request an adoption subsidy hearing in May 2009.

Therefore, Petitioners' [sic] provided insufficient evidence, less than a preponderance of the evidence, to establish that a request for hearing for adoption subsidy was filed not later than July 23, 2009. Therefore, there is no jurisdiction to hear Petitioners' instant appeal. AAM 700, p. 6.

Petitioners filed exceptions to the recommended hearing decision. On February 5, 2020, DHHS issued a final order affirming ALJ's decision to grant respondents' motion to dismiss. Petitioners sought review in the Genesee County Probate Court.[6] At the appeal hearing, petitioners argued that the question of whether the 1605 forms filed on May 10, 2009 were sufficient to request review of the denial of the request for adoption support was not before the ALJ because the Court of Appeals had held that the 1605 forms were sufficient to request review. Petitioners also argued that Frederick Jones's testimony that petitioners filed the forms on May 10, 2009, was uncontroverted, and they challenged the ALJ's findings refuting petitioners' evidence that the 1605 forms were filed on May 10, 2009. The circuit court affirmed the ALJ's decision, finding in relevant part as follows:

This Court agrees with [the ALJ] that Petitioner's [sic] May 10, 2009 DHHS-1605 Form was insufficient due to lack of specificity. The Court finds that [the ALJ] followed the Court of Appeals['] recommendation to create a factual record. [The ALJ] heard Petitioner's [sic] testimony regarding the May 10, 2009, DHHS-1605 Form and determined that the form did not satisfy the request for an adoption subsidy hearing. [The ALJ] carefully articulates his decision regarding the Petitioner's [sic] May 10, 2009, DHHS-1605 Form. Here, [the ALJ] carefully analyzed this case, heard Petitioner's testimony, explained why the May 10, 2009, DHHS-1605 Form was inadequate, and determined Petitioner's [sic] request for the hearing was not timely. This Court holds [the ALJ's] decision follows principled reasoning. This Court finds that [the ALJ] did not abuse his discretion.

---

[6] The appeal hearing on the petition for review was held in circuit court.

## II. LAW OF THE CASE

Petitioners argue that this Court's finding that the 1605 forms, if filed not later than July 23, 2009, were sufficient to trigger an appeal to the ALJ regarding the adoption support subsidy is the law of the case and that the only issue before the ALJ was whether petitioners filed the forms not later than July 23, 2009. They submit that the court violated the law-of-the-case doctrine by finding that petitioners' May 10, 2009 hearing request was inadequate to request a hearing regarding the denial of the adoption support subsidy. We agree.

We review de novo whether the law-of-the-case doctrine applies to a case before this Court. *Manske v Dep't of Treasury*, 282 Mich App 464, 467; 766 NW2d 300 (2009). The law-of-the-case doctrine provides that, if the appellate court has ruled on a particular issue, it will not decide an issue differently on remand or during a subsequent appeal in the same case. *Rott v Rott*, ___ Mich ___, ___; ___ NW2d ___ (2021) (Docket No. 161051), slip op 6-7; *Manske*, 282 Mich App at 467. "The primary purpose of the doctrine is to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Lenawee Co v Wagley*, 301 Mich App 134, 150; 836 NW2d 193 (2013) (citation omitted).

This Court previously rejected respondents' argument that a request for a hearing must reference the specific type of benefit at issue and that the 1605 forms did not do so. *Jones*, unpub op at 6. Further, we "rejected the contention that the 1065 [sic] Forms, if timely filed, were inadequate as a matter of law to trigger an appeal to the ALJ." *Id*., unpub op at 8. Thus, we remanded the case to the ALJ "to create a factual record and determine whether petitioners, not later than July 23, 2009, filed written and signed requests for a hearing before an ALJ." *Id*.

To the extent that the ALJ found that "Petitioner's [sic] request for hearing filed on May 10, 2009, was inadequate to request a hearing for adoption subsidy because it did not state with sufficient clarity that Petitioners' [sic] were appealing the denial of the adoption subsidy," the ALJ acted inconsistently with this Court's decision in *Jones* and exceeded the scope of this Court's remand. However, the ALJ's conclusion that petitioners did not timely request a hearing was not premised on the ALJ's finding that the 1605 forms were insufficient to trigger an appeal of the denial of the adoption support subsidy. A review of the ALJ's recommended decision reveals that the ALJ found that Frederick Jones's testimony that he filed the request at the McCree building on May 10, 2009, was not credible and that the evidence was insufficient to establish that the request for an adoption subsidy hearing was filed on the date petitioners asserted that it was filed. On the basis of these findings, the ALJ determined that petitioners presented insufficient evidence to establish that a request for hearing related to the adoption support subsidy was filed not later than July 23, 2009.

The circuit court's focus when reviewing the ALJ's decision was on the ALJ's finding that the form was insufficient to trigger an appeal of the agency decision at issue. The circuit court did not address the ALJ's finding that Jones's testimony that he filed the request for a hearing on May 10, 2009, was not credible, nor did the court address the ALJ's finding that the evidence was insufficient to establish that a request for hearing regarding the adoption subsidy request was filed not later than July 23, 2009.

Under Michigan's Constitution, a court's direct review must include, "as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record." Const 1963, art 6, § 28. The constitutional standard corresponds with the standard provided by the Legislature under the Administrative Procedures Act:

> (1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:
>
> (a) In violation of the constitution or a statute.
>
> (b) In excess of the statutory authority or jurisdiction of the agency.
>
> (c) Made upon unlawful procedure resulting in material prejudice to a party.
>
> (d) Not supported by competent, material and substantial evidence on the whole record.
>
> (e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.
>
> (f) Affected by other substantial and material error of law.
>
> (2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings. [MCL 24.306.]

On direct review, the circuit court must "determine whether the agency's decision was contrary to law, was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law." *Polania v State Employees' Retirement Sys*, 299 Mich App 322, 328; 830 NW2d 773 (2013) (quotation marks and citation omitted). The circuit court must affirm the agency's decision if it was not contrary to law and was otherwise supported by competent, material, and substantial evidence on the whole record. *Id.*

"When reviewing a lower court's review of agency action this Court must determine whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Boyd v Civil Serv Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996); see also *Polania*, 299 Mich App at 328.

To the extent that the circuit court found that the 1605 forms were not sufficient to satisfy the request for hearing regarding the denial of an adoption subsidy, the court's finding was contrary to this Court's prior holding that the 1605 forms, if timely filed, were adequate as a matter of law to trigger an appeal to the ALJ, and violated the law-of-the-case doctrine. *Jones*, unpub op at 8. The circuit court did not review the ALJ's factual findings and determination with respect to the question that was properly before the ALJ pursuant to this Court's remand; that is, whether

-10-

petitioners, not later than July 23, 2009, filed written and signed requests for a hearing before an ALJ. Under these circumstances, we remand this case to the circuit court for such review.

### III. AGENCY PROCEDURES AND POLICIES

Petitioners also submit that respondents' dismissal of petitioners' request for a hearing regarding respondents' denial of an adoption support subsidy violated Mich Admin Code, R 792.11023, because the rule "permits" respondents to "hold a hearing on adoption subsidy after the adoption if an error was made." Rule 1023 provides, in relevant part:

> (1) For hearings concerning adoption support subsidy or nonrecurring adoption expenses eligibility requests after the finalization of the adoption, there are certain limited circumstances in which an [ALJ] may grant approval of support subsidy or nonrecurring adoption expenses through the administrative hearing process. An approval may be granted only in cases in which there has been a determination of both of the following:

> (a) A specific error was made.

> (b) The child's pre-adoptive circumstances met the adoption support subsidy or nonrecurring adoption expenses eligibility requirements at the time of the adoption finalization.

Contrary to petitioners' interpretation of Rule 1023, this rule pertains to the grounds under which an ALJ "may grant approval of support subsidy or nonrecurring adoption expenses through the administrative hearing process" if "[a] specific error was made," and not whether such a hearing is permitted to be held. Petitioners do not explain how respondents violated Rule 1023, and they do not address how Rule 1023 is relevant to the 90-day time limitation imposed by DHHS for requests for hearings pertaining to the denial of adoption support subsidies. Because petitioners have failed to develop a meaningful argument on this issue, we consider it abandoned. *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959); *DeGeorge v Warheit*, 276 Mich App 587, 594-595; 741 NW2d 384 (2007).

Remanded to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

-11-